82 So.2d 138 (1955)
Ida HOAG, Appellant,
v.
Helen MOELLER, Appellee.
Supreme Court of Florida, Division B.
July 27, 1955.
Rehearing Denied September 15, 1955.
P. Donald DeHoff and Marie C. Broetzman, Jacksonville, for appellant.
John M. McNatt, Jacksonville, for appellee.
THOMAS, Justice.
In her complaint the appellant alleged that she was requested by the appellee to go into appellee's home to keep under surveillance a workman who was inspecting "burglar bars" that had been recently installed. While the appellant was following the workman around they passed from the bedroom into the dining room. Because the difference in the levels of the floors in the two rooms was from "three and a half to four inches" the appellant stumbled, fell and was injured. It was averred that the rooms were in semi-darkness because the blinds were partly drawn and appellee "had not given [the appellant] permission" to raise them. The appellant charged that because of the dim light and the sameness of the color of the floors in both rooms, the difference in elevation was not obvious, and that her assumption that the place was safe and that no danger was to be apprehended, caused her downfall.
At the conclusion of the testimony introduced in behalf of the appellant, the court indicated that the motion of the appellee *139 for a directed verdict would be granted so the appellant took a nonsuit. This appeal followed.
From the appellant's own testimony it appears that the mishap occurred at nine-thirty in the morning. She had been watching the workman as he went to various places in the house and performed his duties without the aid of any artificial light. Evidently she was following the workman at the very time she stepped through French doors and fell. There was evidence that although the floors of the two rooms were the same color, the dining room which appellant was entering was partly covered by a rug, and extending from that rug to the sill where she stumbled was a small rug of different design, so her ability to see the disparity in floor levels could not have been affected by the sameness of the color of the floors in the rooms of exit and entry.
From the appellant's own testimony and the evidence introduced while she was testifying it is plain that there was sufficient light for her safely to make her way, and that there was no reason for her being deceived by the sameness of the color of the floors in the two rooms. And besides, the workman she was watching served as a pilot as she wended her way through the house. In all these circumstances we conclude that appellant's right to recovery is reduced to the lone fact that the appellee sent her into a home where there was a difference in floor levels of the two rooms and that failure to inform her of that condition amounted to negligence. We cannot adopt this view.
We said in Bowles v. Elkes Pontiac Co., Fla., 63 So.2d 769, 772, that an allegation "that the color of the platform drop-off and floor of the showroom was the same and this fact, coupled with the 3 inch drop-off, made a situation dangerous, contains no merit." And in the opinion the court observed that it is "a matter of general knowledge that there are multiple steps in * * * business establishments * * * with the same color as that of the floor." In that case we applied the rule that the person injured had the duty to use ordinary care for his own safety and "to look * * * where he [was] going." Of like effect was our decision in Matson v. Tip Top Grocery Co., Inc., 151 Fla. 247, 9 So.2d 366. We observed that a difference in floor levels does not of itself constitute failure to use due care for the safety of a person invited to the premises and there is no duty to issue warning of such condition when it is obvious and not inherently dangerous.
We hold that there is no reason to apply a stricter rule to accidents caused by differences in floor levels in a private home. That type of construction is common and no one entering a home can assume that the floors of all rooms in the same story have the same level, blindly travel on the presumption, disregard his own safety, stumble, fall, and recover.
The judgment is 
Affirmed.
DREW, C.J., and HOBSON and THORNAL, JJ., concur.