309 So.2d 596 (1975)
GENERAL DEVELOPMENT CORPORATION, Appellant,
v.
Helen DOLES, Appellee.
No. 73-1039.
District Court of Appeal of Florida, Second District.
March 26, 1975.
*597 Archie M. Odom, of Farr, Farr, Haymans, Moseley & Odom, Punta Gorda, for appellant.
Louis L. La Fontisee, Jr., Miami, for appellee.
McNULTY, Chief Judge.
Defendant-appellant appeals from a denial of its motion for directed verdict and consequent final judgment entered on a jury verdict. The sole question is whether the evidence is sufficient to raise triable issues.
Plaintiff was an invitee in a model home built by defendant and opened for inspection to the general public. While inside the house she fell while entering the sunken living room from the dining area. The facts herein are strikingly similar to those in Jahn v. Tierra Verde City, Inc.[1] That case was also a slip and fall case in which the plaintiff tripped while entering a sunken living room as she was inspecting a model home owned by the defendant. In affirming a summary judgment for defendant this court held that:
"... It is a matter of common knowledge that the design of a sunken living room necessitates different levels. The case concerns a visible structural design involving no distraction or impeding objects attributable to the defendant, and the circumstances were not such as to place the defendant under a duty to warn."
Appellee contends that the crowd congestion and the similarity of the carpeting covering both the dining room and the sunken living room could have caused a dangerous condition, hiding the step-down from the plaintiff. The fatal problem with this theory as to the crowded condition is that plaintiff herself testified in response to a question asked by her attorney as follows:
"Q Was there any obstruction to your vision in terms of other people or anything that  ?
A No; just that it was a general view of the room; and then I fell."
As to the sameness of the carpeting, testimony and photographs of the premises introduced into evidence undisputedly show that the carpeting did not extend to the edge of the dining area or the sunken living room; so there was a "border" between the rooms which, if anything, was a contrast rather than a continuous similarity as suggested by appellee. Clearly, no triable issue existed on this point either.
Therefore, this cause is controlled by Jahn, supra, and the judgment of the trial court must be, and it is hereby, reversed for further proceedings not inconsistent herewith.
BOARDMAN and GRIMES, JJ., concur.
NOTES
[1] (Fla.App.2d, 1964), 166 So.2d 768.