CAMPBELL, Judge.
Sarah Ellis, plaintiff below, appeals from a final summary judgment for the defendants. The defendants were the son and daughter-in-law of the plaintiff, and the insurance carrier which insured them under a homeowner’s policy. We reverse.
Plaintiff’s action was for injuries she sustained when she fell in the home of the defendants on May 4,1977. She alleged the fall occurred because she was negligently distracted or defendants’ home was negligently maintained, causing her not to observe a six to eight inch step-down from the main floor level of the home to the garage floor.
The defendants had lived in the home less than a week at the time of the accident, and plaintiff had never been in the home before the day of the accident. Defendants had invited her there on that evening to see their new home and to have dinner with them. She arrived sometime between 6:00 P.M. and 7:00 P.M. Nearly immediately upon arrival, the defendant daughter-in-law offered to show her around their new home, suggesting they start in the garage area and work their way through the rest of the house. They then proceeded from the kitchen, out a short hall and through a door into the garage area. Once through the door, the regular floor level of the house continues into the garage for about five to six feet, at which point there is a step-down of about six to eight inches to the remainder of the garage floor. After passing through the door and when facing across the garage from the door, there is, beginning four to five feet to the right of the doorway, an enclosed storeroom that extends from the wall of the main part of the house for the entire five to six feet width of the floor to the point of the step-down. The area to the left of the doorway was empty at the time of the accident but was where the washer and dryer were later to be put, as was explained by the defendant daughter-in-law as she and the plaintiff entered the garage area. The defendant daughter-in-law was also explaining to plaintiff other uses they planned to make of the garage, including the use of the storage area to the right of the door. It was at that point that the plaintiff stepped off of the step-down as she proceeded further into the garage, thereby causing her fall and resulting injuries. She had not been told about the step-down. It apparently had a red line painted along its edge about an inch or two wide which the plaintiff did not notice, testifying that she was observing the other things her daughter-in-law was pointing out to her. Though the daughter-in-law testified that the red line on the step-down was there when they bought the house, she could not recall whether she had ever noticed it prior to the accident. The entire floor level of the garage area, both the lower portion and the regular or main floor level, is painted the same grey color.
Whether or not the step-down in the garage of the defendants’ home was a condition that required plaintiff to be forewarned of it seems to be, under the circum *810 stances of this case, a factual question not susceptible to determination by summary judgment. Likewise, even if there was no duty to warn, whether or not the plaintiff was sufficiently distracted from the danger to come within the “distraction rule” seems to pose a sufficient factual issue to prevent resolution by summary judgment, particularly in view of this state’s comparative negligence rule. It is not simply a case of deciding whether a condition is “hidden” and, thus, actionable, or “obvious” or “previously known” and, thus, not actionable unless distracted. As this court stated in Milby v. Pace Pontiac, Inc., 176 So.2d 554 (Fla. 2d DCA 1965):
The “latency” or “patency” of the condition and the defendant’s duty to warn is determined by asking the question: Would a reasonable and prudent person, exercising due care, have observed the object? This court has recently stated that an object is hidden or latent if it is “one which could not be discovered by the exercise of reasonable care,” Grall v. Risden, Fla.App.1964, 167 So.2d 610, cert. denied Fla.1965, 174 So.2d 736, filed May 5, 1965, or from “a casual observation of the premises.” Kagan v. Eisenstadt, Fla. App.1957, 98 So.2d 370. Unless this question can be answered as a matter of law, as was the case in Grail v. Risden, supra, we think it should be decided by the jury.
Our attention has been called to a line of cases which tend to limit that holding in Milby v. Pace Pontiac, Inc., supra. Most of those cases were decided when this state applied the r.ule that exempted liability when the complaining party was guilty of contributory negligence. See Pensacola Restaurant Supply Co. v. Davison, 266 So.2d 682 (Fla. 1st DCA 1972); Allied Business Association v. Saling, 227 So.2d 712 (Fla. 4th DCA 1969). We do not feel that in every case the “distraction rule” should be limited to some sudden external disturbance or urgency. We think the better rule is the “reasonable and prudent person” rule set forth in Milby v. Pace Pontiac, Inc., supra, and applied with regard to the admonition in Tomlinson v. Wilson & Toomer Fertilizer Company, 165 So.2d 801 (Fla. 2d DCA 1964), that it is not feasible to adopt a hard and fast rule as to what is a legally'sufficient distraction to justify a person’s attention being diverted from a known danger. Where the distraction arises from external causes, it would seem that whether or not it was sufficient would nearly always be a jury question. On the other hand, however, we cannot hold that every distraction that was not sudden or urgent or did not arise from external causes is not sufficient to justify an action for negligence. It is the totality of the circumstances of each particular case that must be considered, including all distracting elements of whatever nature. This rule would apply to dangers previously known and forgotten or not previously known but obvious. See also LeMay v. U. S. H. Properties, Inc., 338 So.2d 1143 (Fla. 2d DCA 1976).
As was said by this court in Nance v. Ball, 134 So.2d 35 (Fla. 2d DCA 1961):
Some cases are clearly disposable by summary judgment. There are also marginal cases posing colorable issues which the trial court may consider so weakly supported as to indicate the futility of a full hearing on the merits. In such a case, where adherence to the rule of caution results in a denial of summary judgment, the court may feel that there has been an unjustified extension of fruitless litigation. Our own experience attests an occasional impulse to amputate at once rather than face the prospect of surgery by painful stages, but herein lies the occasional margin of error.
The trial court may be convinced that a doubtful or marginal case would be practically unprovable, and most frequently that could be the net result. We do not apprehend, however, that the denial of summary judgment in such cases would likely result in ultimate miscarriage of justice.
We, therefore, reverse and remand for further proceedings.
SCHEB, Acting C. J., and DANAHY, J., concur.