436 So.2d 75 (1983)
Sylvia SCHOEN and David Schoen, Petitioners,
v.
Robert GILBERT and Highland Insurance Company, Respondents.
No. 61331.
Supreme Court of Florida.
July 28, 1983.
*76 Jay M. Levy of Silver, Levy & Hershoff, Miami, for petitioners.
Henry H. Harnage of Worley & Harnage, and Worley & Gautier, Miami, for respondents.
BOYD, Justice.
We have for review a decision of the Third District Court of Appeal, Schoen v. Gilbert, 404 So.2d 128 (Fla. 3d DCA 1981), which conflicts with Ellis v. McCaskill, 382 So.2d 808 (Fla. 2d DCA), review denied, 389 So.2d 1112 (Fla. 1980). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioner Sylvia Schoen (plaintiff in the trial court) was a social guest of Robert Gilbert in his home, which was constructed with a six-inch drop between the foyer and the living room. While seated in the kitchen Gilbert invited Ms. Schoen to look around, but did not accompany her. Because of poor lighting Ms. Schoen did not see the step separating the foyer and living room. As a result she fell while entering the living room. She sued Gilbert for damages resulting from her injuries, claiming he was negligent in failing to warn her of the step. The trial court granted a summary judgment in Gilbert's favor, and the district court of appeal affirmed.
We approve the district court's decision. The law is well settled "that a difference in floor levels does not of itself constitute failure to use due care for the safety of a person invited to the premises and there is no duty to issue warning of such condition when it is obvious and not inherently dangerous." Hoag v. Moeller, 82 So.2d 138, 139 (Fla. 1955). See also General Development Corp. v. Doles, 309 So.2d 596 (Fla. 2d DCA 1975); Jahn v. Tierra Verde City, Inc., 166 So.2d 768 (Fla. 2d DCA 1964). Petitioner argues that because of the poor lighting the step was not obvious and was therefore rendered inherently dangerous. We cannot agree with such reasoning. The amount of interior lighting cannot transform a difference in floor levels into an inherently dangerous condition. "That type of construction is common and no one entering a home can assume that the floors of all rooms in the same story have the same level, blindly travel on the presumption, disregard his own safety, stumble, fall, and recover." Hoag v. Moeller, 82 So.2d at 139.
Next petitioner argues that whether a homeowner has the duty to warn a guest of a difference in floor levels is "a factual question not susceptible to determination by summary judgment." Ellis v. McCaskill, 382 So.2d at 810. We disagree. Because a difference in floor levels is not an inherently dangerous condition, even in dim lighting, a homeowner has no duty to warn of such condition as a matter of law. We find that the trial court correctly granted summary judgment in respondent's favor. We therefore approve the decision of the district court of appeal and disapprove Ellis v. McCaskill.
It is so ordered.
ALDERMAN, C.J., and OVERTON and McDONALD, JJ., concur.
ADKINS, J., dissents with an opinion.
EHRLICH, J., dissents.
ADKINS, Justice, dissenting.
Petitioner, Sylvia Schoen, (plaintiff in the trial court) was a social guest of Robert Gilbert in his home, which was constructed with a six-inch drop between the foyer and the living room. Gilbert invited her to see the living room, but did not accompany her. Plaintiff, unaware of this condition, fell while entering the living room, which was "shrouded in semi darkness at the time." She sued Gilbert for her injuries resulting from his negligence and failure to warn her of this step. The trial court entered a summary judgment in favor of defendant, Gilbert. The final summary judgment was *77 affirmed upon appeal and this petition for review resulted. In my opinion there are sufficient facts to give rise to a triable issue as to whether the condition complained of was so concealed or hidden as reasonably to require a warning or other protectable measures.
Negligence is the failure to observe, for the protection of another's interest, such care and precaution as circumstances demand, or the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances. Seaboard Coastline Railroad Co. v. Griffis, 381 So.2d 1063 (Fla. 1st DCA), cert. denied, 376 So.2d 72 (Fla. 1979).
Insofar as the landowner's duty is concerned, there is no distinction in this state between invitees and social guests, so the principles enunciated in the majority opinion are applicable to places of business. Wood v. Camp, 284 So.2d 691 (Fla. 1973). It is the duty of a landowner to warn his invitees of latent perils which are known or should be known to the owner but which are not known to the invitee or which, by the existence of due care, would not be known to him. Rice v. Florida Power and Light Co., 363 So.2d 834 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 460 (Fla. 1979).
A difference in floor level, particularly in the living room area of a private room, is not in itself an obstacle or dangerous condition requiring warning by the home owner. General Development Corporation v. Doles, 309 So.2d 596 (Fla. 2d DCA 1975); Jahn v. Tierra Verde City, Inc., 166 So.2d 768 (Fla. 2d DCA 1964). However, circumstances could arise which impose a duty upon the homeowner to warn a guest.
In Ellis v. McCaskill plaintiff had never been in the defendant's home before the accident, which occurred during a tour of the house. The garage area of the house had a stepdown of approximately six inches to eight inches. Plaintiff, accompanied by the defendant, proceeded into the garage area. The plaintiff fell when she neither saw nor had been told of the stepdown. Reversing a final judgment summary, the court said:
Whether or not the step-down in the garage of the defendant's home was a condition that required plaintiff to be forewarned of it seems to be, under the circumstances of this case, a factual question not susceptible to determination by summary judgment.
382 So.2d at 809-10.
When plaintiff in the case sub judice proceeded through the house into an area "shrouded in semi darkness", she had the right reasonably to expect that the route ahead was free of the particular physical impediment which caused her injury. It was for the jury to determine, whether under the circumstances, the dangerous condition required a warning. See Brant v. Van Zandt, 77 So.2d 858 (Fla. 1954).
The critical question to be determined in this case is whether the lighting condition was such that a reasonable and prudent person would ordinarily have given a warning. Defendant says it was a bright and sunny day; the plaintiff said the room was dark; the district court of appeal in its opinion said the room was "shrouded in semi-darkness". This is an obvious factual dispute as to a critical element.
Any defense based on the invitee's negligence is no longer a complete bar to recovery in a negligence action. The doctrine of comparative negligence applies when this defense is raised. The plaintiff would be barred from recovering damages for loss or injury caused by negligence of another only when her negligence is shown to be the sole legal cause of the damage. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973); Zambito v. South Land Recreation Enterprises, Inc., 383 So.2d 989 (Fla. 2d DCA 1980).
I would adopt the dissent authored by Judge Daniel S. Pearson.
The decision of the district court of appeal should be quashed.