462 So.2d 90 (1985)
Esther KUPPERMAN and Fred Kupperman, Her Husband, Appellants,
v.
Daniel LEVINE and Barbara Levine, His Wife, Appellees.
No. 84-1177.
District Court of Appeal of Florida, Fourth District.
January 9, 1985.
Larry Klein, West Palm Beach, and Easley Massa & Willits, West Palm Beach, for appellants.
*91 Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, for appellees.
DELL, Judge.
Appellants challenge the dismissal of their amended complaint for damages arising out of Esther Kupperman's fall in appellees' home.
Appellants alleged that:
On or about February 14, 1983, there existed upon Defendants' premises an inherently dangerous and non-obvious condition, to-wit: a dining table around which the associated chairs all appeared to be of the same overall height, but which in reality were not, due to a change in floor grade. Such condition was caused by a combination of factors including: floor grade change, poor lighting, chairs with chair backs and seats of even height, some of which had longer legs to accomodate the change in floor grade, part way around the table, and all of which presented an optical illusion, thereby creating a latently dangerous condition.
The trial court granted appellees' motion to dismiss the amended complaint with prejudice and on the authority of Schoen v. Gilbert, 436 So.2d 75 (Fla. 1983). In Schoen, the supreme court held:
[A] difference in floor levels does not of itself constitute failure to use due care for the safety of a person invited to the premises and there is no duty to issue warning of such condition when it is obvious and not inherently dangerous." Hoag v. Moeller, 82 So.2d 138, 139 (Fla. 1955). See also General Development Corp. v. Doles, 309 So.2d 596 (Fla. 2d DCA 1975); Jahn v. Tierra Verde City, Inc., 166 So.2d 768 (Fla. 2d DCA 1964).
... .
Because a difference in floor levels is not an inherently dangerous condition, even in dim lighting, a homeowner has no duty to warn of such condition as a matter of law.
Id. at 76 [emphasis added].
In Schoen the court said that changing floor levels between rooms is so common a mode of construction that even dim lighting would not transform the difference in floor level into an inherently dangerous condition. Sub judice, appellants have alleged more than a change in floor levels and dim lighting. They also allege an uncommon mode of construction  a change of floor level in the middle of a room  and a choice of furniture designed to create the illusion of a level floor.
On motion to dismiss our review is limited to the four corners of the complaint and the allegations must be taken as true. Connolly v. Sebeco, Inc., 89 So.2d 482 (Fla. 1956). Therefore we hold that appellants have alleged sufficient facts to distinguish this case from the facts presented on summary judgment in Schoen. However, appellants shall have the burden to prove a causal relationship between the deceptive condition which they allege and Mrs. Kupperman's fall, and should they fail to meet this burden, summary judgment or directed verdict may be appropriate.
REVERSED and REMANDED.
ANSTEAD, C.J., concurs.
LETTS, J., dissents with opinion.
LETTS, Judge, dissenting.
Whether the variation in floor level occurs in one room or adjacent rooms, makes no difference to me. What I perceive here, which the plaintiff invited to dine evidently did not, is a step up, or down, in a private residence. So it was in Schoen, supra.
In addition, I disagree with the chairback-optical-illusion argument which is said to distinguish this case. If optical illusions constitute the magic formula for stating a cause of action, then heaven help all interior designers. Their "raison d'etre" is to create illusions, the most common optical example of which is an oversized wall mirror.
*92 The maligned bar-stool chairs before us now, were obviously purchased, or designed, so occupants thereof could sit at an appropriate height at the raised dining table, rather than beneath it with their chins on the surface.
In my view Judge Owen was emminently correct. This offering is in conflict with Schoen, as I am confident our Supreme Court will agree. I would affirm.