465 So.2d 606 (1985)
LIBERTY MUTUAL INSURANCE COMPANY, a Foreign Corporation, and Aventura Country Club, a Florida General Partnership D/B/a Turnberry Isle Country Club and Turnberry Isle Yacht and Raquet Club, Appellants,
v.
Rose KIMMEL, Appellee.
No. 84-133.
District Court of Appeal of Florida, Third District.
March 19, 1985.
*607 Richard Hardwick, Coral Gables, Daniels & Hicks and Mark Hicks, Miami, for appellants.
Wolfson & Diamond and Robert L.F. Polsky, Miami Beach, for appellee.
Before BARKDULL, NESBITT and JORGENSON, JJ.
PER CURIAM.
The appellant contends that the Supreme Court opinion reported in Schoen v. Gilbert, 436 So.2d 75 (Fla. 1983), requires the reversal of this jury verdict, with directions to enter a verdict for the defendant because the plaintiff's injury occurred when she fell at a change in levels while exiting the defendant's country club. We do not agree.
First, the accident did not occur in a private home as was the circumstances in Schoen, supra, and second, there was undisputed evidence that the walkway in question was built contrary to the South Florida Building Code, which in and of itself is evidence of negligence. Grand Union Company v. Rocker, 454 So.2d 14 (Fla. 3d DCA 1984).
The appellant also urges that it is entitled, if not to a directed verdict, a new trial, because of alleged error on the part of the trial court in the admission of incident reports relative to prior and subsequent similar accidents at the site in question. We find no abuse of discretion by the trial court in permitting the introduction of these reports to establish notice before the accident of the dangerous condition of the walkway, or afterwards, as the condition remained the same. Lawrence v. Florida East Coast Railway Company, 346 So.2d 1012 (Fla. 1977); Perret v. Seaboard Coast Line Railroad Co., 299 So.2d 590 (Fla. 1974); Nance v. Winn Dixie Stores, Inc., 436 So.2d 1075 (Fla. 3d DCA 1983); Lasar Manufacturing Company, Inc. v. Bachanov, 436 So.2d 236 (Fla. 3d DCA 1983).
Therefore the final judgment here under review be and the same is hereby affirmed.