479 So.2d 831 (1985)
NORTHWEST FLORIDA CRIPPLED CHILDREN'S ASSOCIATION, Appellant,
v.
Ethel Lee HARIGEL and Vincent J. Harigel, Appellees.
No. BF-90.
District Court of Appeal of Florida, First District.
December 13, 1985.
*832 Donald H. Partington of Clark, Partington, Hart, Hart & Johnson, Pensacola, for appellant.
Stephen Echsner and Louis K. Rosenbloum of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for appellees.
MILLS, Judge.
Northwest Florida Crippled Children's Association (Association) appeals from the trial court's denial of its motion for directed verdict. We affirm.
Ethel Harigel was shopping in a "bargain store" operated by the Association for the sale of used clothing and merchandise. Abutting the outside west wall of the building was a platform 6 inches high, extending along the wall approximately 12 feet and out from the wall approximately 9 feet. Mounted on the wall at a height of about 5 feet, 7 inches was a pipe on which the Association hung articles of clothing offered for sale. The south end of the pipe extended past the edge of the platform, which was painted yellow, by 3 1/2 or 4 feet.
Mrs. Harigel stepped up onto the platform and began browsing through the clothing hanging from the pipe, moving south along the platform as she did so, toward the 6 inch step-down. She stepped off of the platform and fell to the ground, striking a pipe and fracturing her arm and several ribs.
Mrs. Harigel sued the Association, alleging "negligent maintenance of the premises." The case proceeded to trial, at the conclusion of which the Association moved for directed verdict in its favor, arguing that, as a matter of law, uneven floor levels do not constitute a negligent failure to maintain premises in a safe condition. Mrs. Harigel argued in opposition that the question of whether a step-down constitutes a negligent condition is one for the jury.
The trial court reserved ruling on the motion. The case was given to the jury, which returned a verdict awarding Mrs. Harigel $100,000 and finding her 52.5% negligent. The association moved for judgment in accordance with the previous motion for directed verdict. The trial court denied the motion and final judgment was entered for Mrs. Harigel in the amount of $47,500.
It is not negligence per se to have in a store or other building one floor at a lower level by a few inches than another unless the character, location or surrounding conditions of the step-down are such that a prudent person would not anticipate it. Milby v. Pace Pontiac, Inc., 176 So.2d 554, 556 (Fla. 2d DCA 1965). Milby was cited with approval in Pensacola Restaurant Supply Co. v. Davison, 266 So.2d 682 (Fla. 1st DCA 1972), wherein the plaintiff tripped on a 2 1/2 inch platform in a store. The court, relying on Milby, framed the issue as "whether or not the step-down ... under the circumstances constituted a hidden danger," and held that it was appropriately decided by a jury. Pensacola Restaurant at 684 (emphasis supplied).
In this case, there was an obvious issue as to whether the surrounding conditions *833 of the step-down  the elevation of the display rack so that a customer's eye is naturally focused up and away from the approaching edge and the extension of the rack beyond that edge  were sufficient to transform a normally non-negligent condition into a negligent one. Harigel's knowledge that she was on a platform, the edge of which was clearly marked, is not fatal to her cause of action. The question again for resolution by the jury is, given all the circumstances, did she exercise reasonable care for her safety? Pensacola Restaurant at 685 (emphasis supplied); Taylor v. Tolbert Enterprises, Inc., 439 So.2d 991 (Fla. 1st DCA 1983) (that an alleged negligent condition is open and obvious does not negate a defendant's potential liability but raises comparative negligence).
The Association argues that its position is mandated by Schoen v. Gilbert, 436 So.2d 75 (Fla. 1983). However, that case held only that "a difference in floor levels does not of itself constitute failure to use due care for the safety of a person invited to the premises." Schoen at 76 (emphasis supplied). This clearly leaves room for a showing of accompanying circumstances which, together with the change in floor level, constitute a negligent condition. The sufficiency of the circumstances herein to constitute such a condition was a jury question and the motion for directed verdict was properly denied.
AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.