HERSEY, Chief Judge.
In this slip-and-fall personal injury case, appellant’s third amended complaint was dismissed with prejudice.
While a party guest in appellee’s home, appellant fell and sustained injuries when she stepped into an area having a lower floor level than that encountered upon first entering the premises.
Our inquiry is confined to the four corners of the complaint and we take its allegations to be true. Kupperman v. Levine, 462 So.2d 90, 91 (Fla. 4th DCA 1985).
In Schoen v. Gilbert, 436 So.2d 75 (Fla.1983), a social guest fell as a result of a six-inch drop from the foyer to the living room. The supreme court affirmed a summary judgment in favor of the homeowner-host, holding that a difference in floor levels is not an inherently dangerous condition even in dim lighting; therefore the host had no duty to warn.
Schoen has been distinguished in several cases which involved factors in addition to the change in floor level: Krivanek v. Pasternack, 490 So.2d 252 (Fla. 2d DCA 1986) (plaintiff, distracted by someone speaking to her, failed to observe drop in floor level previously obscured by closed door); Northwest Florida Crippled Children’s Association v. Harigel, 479 So.2d 831 (Fla. 1st DCA 1985) (plaintiff, browsing through clothing offered for sale, failed to notice six-inch drop from platform to floor); Kupperman v. Levine, 462 So.2d 90 (Fla. 4th DCA 1985) (plaintiff failed to notice change of floor level because furniture design created an optical illusion of a level floor).
Appellant suggests that her circumstances more nearly approach those to which an exception to Schoen has been found, than those involved in Schoen. She alleges that there were many party guests already present when she arrived and that those people obscured the difference in floor levels, giving rise to a duty to warn of a latent defect. The second count of her complaint emphasizes that there were a greater number of people present than the home could safely accommodate, which resulted in the difference in floor levels being obscured.
In Schoen the difference in floor levels was obscured because of dim lighting; here, it was obscured by people. Finding no legal distinction, we affirm on the authority of Schoen but certify the following to the Supreme Court of Florida as a question of great public interest:
Where plaintiff slips, falls, and is injured because of a difference in floor levels, is an allegation that the difference was obscured either by (1) other social guests, or (2) by an excessive number of other social guests sufficient as an allegation of an inherently dangerous condition giving rise to a duty to warn, thus being distinguishable from Schoen v. Gilbert, 436 So.2d 75 (Fla.1983)?
AFFIRMED.
ANSTEAD and GUNTHER, JJ., concur.