520 So.2d 281 (1988)
Marilyn CASBY, Petitioner,
v.
Warren Douglas FLINT and Rita Flint, His Wife, Respondents.
No. 70143.
Supreme Court of Florida.
February 25, 1988.
Sharon L. Wolfe of Cooper, Wolfe & Bolotin, P.A., and Robert M. Sussman, Miami, for petitioner.
Jay B. Green, John B. Castle and Daniel L. Haverman of Jay B. Green, P.A., Fort Lauderdale, for respondents.
*282 SHAW, Justice.
We have for review Casby v. Flint, 501 So.2d 689 (Fla. 4th DCA 1987), in which the district court certified the following as a question of great public importance:
Where plaintiff slips, falls, and is injured because of a difference in floor levels, is an allegation that the difference was obscured either by (1) other social guests, or (2) by an excessive number of other social guests sufficient as an allegation of an inherently dangerous condition giving rise to a duty to warn, thus being distinguishable from Schoen v. Gilbert, 436 So.2d 75 (Fla. 1983)?
501 So.2d at 690. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Casby filed a complaint alleging that the Flints negligently failed to warn of a change in floor levels obscured by an excessive number of people. The trial court granted the Flints' motion to dismiss for failure to state a cause of action for negligence. The district court affirmed relying on Schoen, in which we held that "[b]ecause a difference in floor levels is not an inherently dangerous condition, even in dim lighting, a homeowner has no duty to warn of such condition as a matter of law." 436 So.2d at 76.
We held in Hoag v. Moeller, 82 So.2d 138, 139 (Fla. 1955), that "a difference in floor levels does not of itself constitute failure to use due care for the safety of a person invited to the premises and there is no duty to issue warning of such condition when it is obvious and not inherently dangerous." We reaffirmed this rule in Schoen and held that
[t]he amount of interior lighting cannot transform a difference in floor levels into an inherently dangerous condition. "That type of construction is common and no one entering a home can assume that the floors of all rooms in the same story have the same level, blindly travel on the presumption, disregard his own safety, stumble, fall, and recover."
436 So.2d at 76 (quoting Hoag, 82 So.2d at 139).
We recognize that accompanying circumstances may transform a change in floor levels into a dangerous situation, creating a duty to warn. In Kupperman v. Levine, 462 So.2d 90 (Fla. 4th DCA 1985), the district court correctly found that the owner had a duty to warn of the change in floor levels hidden by an unusual interior design which created an optical illusion of a level floor. In Northwest Florida Crippled Children's Association v. Harigel, 479 So.2d 831 (Fla. 1st DCA 1985), a display rack extended beyond a step down and distracted the customer's focus away from the step creating a negligent condition and giving rise to a duty to warn. Kupperman and Harigel each involved an uncommon design or mode of construction creating a hidden danger which a prudent invitee would not anticipate. In contrast, it is common knowledge that a room obscured by dim lighting, as in Schoen, or overcrowding, as in the instant case, may contain different floor levels.
The petitioner argues that her failure to anticipate the change in floor levels is a matter of comparative negligence which does not affect the sufficiency of her complaint. This misses the point, for the focus is not on this petitioner's failure to observe, but on the absence of any duty on the part of the homeowner to warn of possible changes in floor levels.
A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
Restatement (Second) of Torts § 343A (1965). Multiple floor levels in a dimly lit or overcrowded room are not inherently dangerous conditions. They are so commonplace that the possibility of their existence is known to all. Warning of such common conditions goes beyond the duty of reasonable care owed to the invitee.
Accordingly, we find that the trial court correctly granted the motion to dismiss for failure to state a cause of action for negligence. We answer the certified question in *283 the negative and approve the district court's decision.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs specially with an opinion.
BARKETT, Justice, specially concurring.
I agree that this case is controlled by Schoen, but I believe that Justice Adkins' dissent in Schoen is the correct view.