SCHWARTZ, Chief Judge.
Mrs. Pratt tripped and fell on a “piece of slanted metal” which bridged a joint in a jetway between the airport lobby and the Bahamasair plane she was boarding at the Miami International Airport. The summary judgment entered below in Bahamasair’s favor is reversed because the record contains genuine issues as to whether the condition which caused the fall was an action-ably defective one. See Levy v. Home Depot, Inc., 518 So.2d 941 (Fla. 3d DCA 1987); Ainsworth v. Intercontinental Hotels Corp., 467 So.2d 386 (Fla. 3d DCA 1985), pet. for review dismissed, 475 So.2d 694 (Fla.1985); Krivanek v. Pasternack, 490 So.2d 252 (Fla. 2d DCA 1986); Northwest Florida Crippled Children’s Ass’n v. Harigel, 479 So.2d 831 (Fla. 1st DCA 1985); Kupperman v. Levine, 462 So.2d 90 (Fla. 4th DCA 1985). Cosby v. Flint, 520 So.2d 281 (Fla.1988) and Schoen v. Gilbert, 436 So.2d 75 (Fla.1983), upon which the appel-lee relies, deal only with the non-liability of a homeowner for a difference in levels of residential premises, and have no application to the commercial situation involved here. Ainsworth, 467 So.2d at 386; Liberty Mut. Ins. Co. v. Kimmel, 465 So.2d 606 (Fla. 3d DCA 1985).
Reversed.