BARFIELD, Judge.
The trial judge erred in entering judgment for appellee in accordance with appel-lee’s motion for directed verdict. We reverse the appealed order and remand with directions to reinstate the jury verdict.
As previously recognized in numerous decisions:
Prior to the supreme court’s adoption of the doctrine of comparative negligence, a plaintiff was barred from recovery where the dangerous condition was known and obvious; however, under the comparative negligence doctrine, such knowledge presents only an issue of comparative negligence that does not completely bar recovery, unless the plaintiff’s negligence in conjunction with that of some other person was the sole legal cause of the plaintiff’s injuries. Hoffman v. Jones, 280 So.2d 431 (Fla.1973); Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977).... The degree to which a plaintiff may have caused his own injuries because of his awareness of the dangerous or hazardous condition or his own actions is to be determined by the jury.
Hancock v. Department of Corrections, 585 So.2d 1068, 1071 (Fla. 1st DCA 1991), review denied, 598 So.2d 75 (Fla.1992). Where a possessor of land should anticipate an unreasonable risk of harm to the invitee notwithstanding the invitee’s knowledge, warning, or the obvious nature of the condition, something more in the way of precautions may be required. “This is true, for example, where the condition is one which would not reasonably be expected, and for some reason, such as. an arm full of bundles, it may be anticipated that the visitor will not be looking for it.” Levy v. Home Depot, Inc., 518 So.2d 941, 943 (Fla. 3d DCA 1987), citing Prosser & Keeton, The Law of Torts, § 61 (5th ed. 1984). This is also true where there is reason to expect that the invitee’s attention will be distracted. See Northwest Florida Crip *667 pled Children’s Association v. Harigel, 479 So.2d 831 (Fla. 1st DCA 1985) (Whether elevation of a display rack so that a customer’s eye is naturally focused away from approaching edge of a platform and whether the plaintiff exercised reasonable care for her safety under the circumstances are jury questions. The motion for directed verdict was properly denied.).
In the present case, Mrs. Weir testified that although she had been to this restaurant four or five times in the past, she had never noticed the indentations in the parking lot. Mrs. Weir fell while approaching the front door of the restaurant, which is located on the south side of the building. Appellee’s former store manager testified that the indentation where Mrs. Weir fell was in the travel path of customers who parked their cars in certain areas of the parking lot. Exhibits depict the indentation as being close to the curb of the sidewalk surrounding the building and to the front door. A drive-thru was located on the north side of the building and there was an entrance and an exit for traffic on both the north and south sides.
The trial judge, in entering judgment for appellee, concluded that the indentations in the cement are quite obvious and therefore could not be considered to constitute a hidden condition. The trial judge also concluded that appellee exercised reasonable care in maintaining its premises in a reasonably safe condition through regular assessment of the parking lot.
The fact that the indentation may have been obvious and visible is not determinative of whether Mrs. Weir’s negligence in failing to see the indentation was the sole cause of her injury. Given the proximity of the indentation to the curb and the front door, as well as the fact that customers necessarily crossed an area utilized by approaching traffic, a question of fact for the jury was presented as to whether appellee should have anticipated that the invitee’s attention would be distracted and that the invitee would not be looking for such a condition in the parking lot. The fact that appellee’s store managers were aware of the indentations and determined no risk was presented does not preclude the jury from reaching the opposite conclusion. A question is also presented as to whether Mrs. Weir used due care for her own safety, taking into consideration all of the circumstances. The fact that she knew or should have known of the condition goes to her comparative negligence and not to the appellee’s liability in the first instance.
Reversed.
SMITH, J., concurs.
BOOTH, J., dissents.