GRIFFIN, Chief Judge.
Hyatt Corporation [“Hyatt”] appeals a summary final judgment in favor of third-party defendant KBJ Architects, Inc. [“KBJ”]. Because the order was based on a misapprehension of the record by the lower court concerning an unresolved issue of material fact, we reverse.
On June 14, 1995, plaintiff below, Barbara Morgan [“Morgan”], was injured when she tripped and fell on a step-down in a raked auditorium in the hotel operated by Hyatt at the Orlando International Airport. Morgan, a guest of the hotel, was scheduled to conduct a business meeting for her employer. Morgan entered the auditorium from the front entrance and walked across a level floor to the A.V. equipment. About thirty minutes later, with a glass of orange juice and a two-inch binder in her arms, Morgan walked to the first ascending row to place her items on the desk. As she turned, Morgan caught her heel on an unmarked step-down, fell on her side and suffered an injury requiring at least two surgeries.
Morgan filed suit against Hyatt, alleging that Hyatt negligently maintained the step and failed to adequately mark the step-down which constituted a hidden trap. Hyatt filed its answer and affirmative defenses which asserted, inter alia, that the step-down was open and obvious and that Morgan failed to use reasonable care in negotiating the step. Hyatt later filed a third-party complaint for indemnification and contribution against the architects who designed the auditorium, KBJ.
Hyatt moved for summary judgment against Morgan on the ground that a difference in floor levels does not itself constitute a failure to use due care for the safety of invitees. See Schoen v. Gilbert, 436 So.2d 75, 76 (Fla.1983). Furthermore, Hyatt argued that a difference in floor levels, even in dim *211 lighting, does not constitute an inherently dangerous condition that requires warning. Id. KBJ also moved for summary judgment on two grounds. The first mirrored Hyatt’s argument. The second relied on the doctrine of Slavin v. Kay, 108 So.2d 462 (Fla.1958), that an architect is not liable for any defect in construction which is patent and has been accepted by the owner.
In opposition to Hyatt’s motion for summary judgment, Morgan filed the expert affidavit of Irwin Melincoff, a professional engineer. Melincoff averred that the single riser step-down in question was not marked or lighted so as to be visible when descending the step. He also stated that there were “no warning signs, railings, barricades or contrasting marking stripe to call attention to the step” and that the construction of the step “seriously” violated building codes in effect in Orlando and did not meet minimum requirements for safety. According to Mel-incoff, the step-down did not conform to the National Fire Protection Association requirements, specifically the Life Safety Code of 1985, incorporated by Florida Statutes. Additionally, the step was not in accordance with the National Bureau of Standard’s Guidelines for Stair Safety which required a single step or two-riser stair to provide patterns of illumination, color, or other clues to emphasize the location of the step. Finally, Melincoff opined that, within a reasonable degree of engineering certainty, the “subject step was an unreasonably dangerous condition, and an accident of the type experienced by Barbara Morgan was reasonably foreseeable and caused by the improper construction” of the auditorium.
Morgan also filed her own affidavit in opposition to Hyatt’s motion for summary judgment. Morgan averred that:
As I walked from the approximate front center of the auditorium to the right hand aisle (as seen from the front), the step beside the first desk to the level behind the desk was masked or concealed by the apron constituting the front and side of the desk itself. The construction of the desk itself, made it seem to be resting on the same surface level on which I was walking and created an illusion in my mind that the floor in front of and beside the desk was at the same level as the floor behind the desk ... [t]he fact that the upper and lower surfaces were carpeted in the same dark green leaf-patterned carpet masked the change in floor level from my observation
[[Image here]]
The lower court first heard Hyatt’s motion for summary judgment against Morgan and denied it.
On December 12, 1997, the trial court heard KBJ’s motion for summary judgment based on the Slavin doctrine. KBJ argued that the step-down was a patent condition and that Hyatt had accepted the project. In support of its argument, KBJ represented that Hyatt had admitted to installing the lighting strip on the bottom of the step-down:
KBJ’S COUNSEL: ... In this case the step is open, it’s obvious, it’s there for everybody to see, and in fact, what more proof could we have that Hyatt knew the step was there than the fact they put a strip of lighting along it.
Hyatt, however, responded that the record did not reveal whether Hyatt actually had placed the lighting strip:
COURT: ... [H]ow do you respond to the . argument that knowledge can be inferred because Hyatt took the step, that’s a bad word to use, but Hyatt did the light placement in and around that area, the lighting.
HYATT’S COUNSEL: Again, there’s nothing in the record that establishes that Hyatt did the light placement. And, in fact, I would ask whether or not you’re relying upon that based on something you have in the record? Are you making that argument here today?
KBJ’S COUNSEL: We know that we didn’t put it there. So, I mean, that is something that we know that the architects were not responsible in designing the lighting strip; that it was added sometime after construction.
COURT: But don’t know when or by whom?
KBJ’S COUNSEL: But don’t know when or by whom.
*212 On rebuttal, however, KBJ asserted that it had checked the transcript of the earlier hearing and again represented that Hyatt had admitted to installing the light strips:
COURT: Rebuttal on that issue?
KBJ’S COUNSEL: Yeah, I just have a few points. The first is that I have the hearing transcript in front of me from the last summary judgment hearing we had in which Mr. Etscorn [Hyatt’s counsel] argued that Hyatt took the precaution of putting the light strip on the bottom of the step.
COURT: I thought we had talked about that. I didn’t think I totally lost my mind. You know, I’ve had a lot of hearings since this one, so you’re not always sure that your memory’s that great, but I thought that that was — I just remembered that pretty strongly from the hearing. Okay.
After argument of counsel, the court announced its intention to grant KBJ’s motion for summary judgment. Hyatt’s counsel then inquired about the impact of the court’s earlier adverse ruling on its own summary judgment motion:
HYATT’S COUNSEL: I’m just — based on our prior motion for summary judgment, which that this condition was — is based on the argument that this condition was open and obvious, and you ruled that it was — there was a question of fact as to whether or not it was inherently dangerous.
COURT: Created between those two parties, correct.
HYATT’S COUNSEL: Are you ruling — is your ruling today that the condition was patent?
COURT: No. I’ve told you that under either analysis, whether it’s either patent or latent, in my view they win, so I don’t have to make a finding that it’s either patent or latent under the analysis. Do you understand?
In my view, under either alternative, it’s a patent condition, it was accepted in its patent condition. If it was a latent condition, I find that there is no material fact that your client accepted it, recognized the latent condition because of the light strips, and therefore, Slavin kicks in and they win.
And so latent or patent, I don’t think it matters under these particular facts and this kind of defect.
The lower court entered a written final order granting KBJ’s motion for summary judgment. We reverse because, in fact, there is no evidence contained in the record about who was responsible for the placement of the lighting strips; moreover, there was no concession by counsel that Hyatt had done so.
At this stage of the proceeding, the lower court has rejected Hyatt’s contention that as a matter of law Hyatt cannot be liable to the plaintiff for the alleged deceptiveness of the step-down. If the deeeptiveness of the step-down is actionable and is attributable to their architect, KBJ, then Hyatt has a claim over against KBJ unless KBJ can show that Hyatt had discovered or should have discovered the condition. The record is devoid of evidence on this point; therefore, summary judgment is inappropriate.
REVERSED and REMANDED.
ANTOON, J., concurs.
COBB, J., dissents, with opinion.