COBB, Judge,
dissenting.
The initial basis of the motion for summary judgment filed by KBJ Architects, Inc. in regard to the third party action for contribution and indemnity filed against .it by Hyatt Corporation was that the location of a step in an auditorium operated by Hyatt at the Orlando International Airport was not an inherently dangerous condition giving rise to a duty to warn. Hence, the identity of the party placing the fighting strip along the bottom of the step where Barbara Morgan fell was irrelevant.
The affidavit of Morgan’s “expert engineer” opining that such a step was dangerous was simply the expression of a disagreement *213 ■with the established law of Florida in regard to eases of this nature. The affidavit set forth no extraordinary circumstances that would justify a conclusion that the change in floor levels in this case could be recognized as a dangerous condition giving rise to liability on the part of either Hyatt or KBJ. There was nothing in this case to show that the step in question somehow had been obscured by furniture, as was the ease in Kupperman v. Levine, 462 So.2d 90 (Fla. 4th DCA 1985), nor was this a situation where the situs of the step was such that a pedestrian’s eye focus was intentionally diverted by the owner of the premises away from the step, as was the situation in Northwest Florida Crippled Children’s Ass’n v. Harigel, 479 So.2d 831 (Fla. 1st DCA 1985). Rather, this case is directly controlled by our en banc opinion in Gorin v. St. Augustine, 595 So.2d 1062 (Fla. 5th DCA 1992).
In Gorin, with only Judges Griffin and Sharp dissenting, we upheld a summary judgment entered by the trial court in favor of the City of St. Augustine against a plaintiff who fell as she stepped from a sidewalk curb to the lower level of the street. In that case, as in this, a so-called expert engineer supplied an affidavit for the plaintiff asserting that the lack of color delineation between the upper and lower level of the step-down (i.e., from the curb to the street) created an optical illusion that constituted an inherently dangerous situation. The engineer opined that warning signs or yellow striping should have been available to warn the plaintiff. The trial judge rejected that argument in Gorin and so did we on appeal. So also has the Florida Supreme Court — and on more than one occasion. See, e.g., Schoen v. Gilbert, 436 So.2d 75 (Fla.1983); Hoag v. Moeller, 82 So.2d 138 (Fla.1955); Bowles v. Elkes Pontiac Co., 63 So.2d 769 (Fla.1952).
Simply because the trial court erred in denying Hyatt’s motion for summary judgment against Morgan is no reason to reverse the summary judgment in favor of KBJ, albeit it was entered for the wrong reasons. We have often sustained trial court actions based upon the “Tipsy Coachman Rule.” See, e.g., Holland v. Holland, 458 So.2d 81, 85 n. 3 (Fla. 5th DCA 1984).
I would affirm.