778 So.2d 1027 (2001)
Lynne RICE, Appellant,
v.
Michael WHITEHURST and Kathy Whitehurst, Appellees.
No. 4D00-1435.
District Court of Appeal of Florida, Fourth District.
January 14, 2001.
*1028 Lynne Hennessey, Delray Beach, for appellant.
Kara Berard Rockenbach of Gaunt, Pratt, Radford & Methe, P.A., West Palm Beach, for appellees.
STONE, J.
We affirm the final judgment rendered on a directed verdict in favor of the White-hursts.
Rice was injured while a guest in White-hursts' home. She had entered the home through the front door, walked straight ahead, and fell as she stepped from the foyer into a sunken living room. Rice sued, claiming that a change in floor levels caused her to fall. However, she offered no expert testimony as to uncommon design or mode of construction.
There was evidence that the tile in both the foyer and adjacent room match. It is square, pink, and lined up to create continuity in the room. The grout joints also match up. There was also evidence that the Whitehursts had renovated the area by lengthening the foyer by about a foot, knocking down the adjoining walls, and laying tile in place of carpet. They then placed a pool table in the center of the room. Rice acknowledged that nothing was wrong with the lighting in this area.
Rice's attorney acknowledged, in response to the motion for directed verdict, that there was no proof that this is an unusual mode of construction. The trial court correctly recognized that controlling case law mandated a directed verdict, citing Casby v. Flint, 520 So.2d 281 (Fla. 1988), Schoen v. Gilbert, 436 So.2d 75 (Fla. 1983), and Hoag v. Moeller, 82 So.2d 138 (Fla.1955), as Rice had failed to present any evidence of uncommon design or mode of construction. The court stated:
This Court finds that simply laying tile in sequence in a square manner is not unusual and thus does not constitute an uncommon design or mode of construction. Furthermore, there was no evidence adduced that the tile in the [Whitehursts'] home was unusual in any manner, in either its design, construction or placement. The Court finds no disfunction [sic] between the common, sequential placement of tiles which [Rice] claims created an optical illusion in this case and the use of the same color carpet on dual floor levels which even coupled with dim lighting has been found to be insufficient to establish a dangerous condition.
A possessor of land has a duty to warn invitees of inherently dangerous conditions that are not obvious to them. See Casby, 520 So.2d at 282. Generally, multiple floor levels do not create an inherently dangerous condition. Id.; Schoen, 436 So.2d at 76; Hoag, 82 So.2d at 139. See also Hadley v. Davjoy, Inc., 613 So.2d 49 (Fla. 4th DCA 1992). However, an uncommon design or mode of construction creating a hidden danger that a prudent invitee would not anticipate may transform multiple floor levels into an inherently dangerous condition. Casby, 520 So.2d at 282 (citing Kupperman v. Levine, 462 So.2d 90 (Fla. 4th DCA 1985), and Northwest Fla. Crippled Children's Assoc. v. Harigel, 479 So.2d 831 (Fla. 1st DCA 1985)). See also Glanzberg v. Kauffman, 25 Fla. L. Weekly D1810, ___ So.2d ___, 2000 WL 1060494 (Fla. 4th DCA Aug.2, 2000).
Kupperman and Harigel provide examples of uncommon design or mode of construction. *1029 Casby, 520 So.2d at 282. In Kupperman, we recognized that a change in floor levels could constitute an inherently dangerous condition where the dining room table and chairs were centered over a change in level in the middle of the room, presenting the illusion of a level floor. 462 So.2d at 91. There, the chairs' backs and seats were of even height, but some of the chairs had longer legs to accommodate for the change in floor levels. Id. In Harigel, a customer stepped off a platform because the rack of clothes that she had been browsing through extended beyond the step-down and distracted her focus from the step. 479 So.2d at 832-33.
Here, however, there is no evidence of uncommon design or mode of construction or an optical illusion comparable to that in Kupperman or Harigel. A directed verdict is appropriate where the defendant is under no duty to warn of multiple floor levels. See Schoen, 436 So.2d at 76 (granting summary judgment where floor levels were of common design despite poor lighting at change in level); Hoag, 82 So.2d at 138-39 (indicating that directed verdict would be proper where floor levels were of common design despite being same color). Therefore, the judgment is affirmed.
FARMER and SHAHOOD, JJ., concur.