807 So.2d 704 (2002)
Donna Jean ALLEN, Appellant,
v.
James and Gina YOUNG, Appellees.
No. 4D01-425.
District Court of Appeal of Florida, Fourth District.
January 23, 2002.
Rehearing Denied February 28, 2002.
*705 Marjorie Gadarian Graham, Palm Beach Gardens, and Joseph R. Fields, Jr., West Palm Beach, for appellant.
Kara Berard Rockenbach of Gaunt, Pratt, Radford & Methe, P.A., West Palm Beach, for appellees.
STONE, J.
We affirm a summary judgment entered in favor of the defendants, James and Gina Young.
Donna Allen was injured in a fall during a party at the Youngs' home. She fell at a location where there was a change in elevation between the patio and the pool areas of the yard. Allen asserted that Appellees had a duty to warn guests about the existence of the unmarked, hard to observe, change in elevation.
The Youngs submitted an affidavit of a licensed architect who attested that he had inspected the area and determined that the condition was not in violation of any applicable codes. Further, in his opinion, "within the State of Florida, it is not uncommon to have a difference in elevation between the patio deck and pool deck area."
Allen presented no evidence to contradict the Youngs' expert, but did submit the testimony of Joel Faircloth, a disc jockey, by affidavit. Faircloth advised the Youngs that the condition in their patio area was dangerous and would not be observable by party attendees who were walking from the patio to the pool. In response to Faircloth's warning, the Youngs laid a strip of lights at the bottom of the edge of the lower pool deck level. Faircloth noted, however, that the light strip would still not alert persons walking from the house to the lower pool patio. It is undisputed that the light strip was not seen by Allen prior to her fall.
Allen contends the question of whether the condition was one that required the Youngs to warn her, an invitee, should be determined by a jury. We disagree.
A homeowner has no duty to warn a guest of a change in floor levels because multiple floor levels is not itself a dangerous condition. See Rice v. Whitehurst, 778 So.2d 1027, 1028 (Fla. 4th DCA 2001). The recognized exceptions to this general principle are not applicable here. There is no testimony (expert or otherwise) to establish an uncommon design or mode of construction or that the layout created an "optical illusion." Id.
In Rice, a house guest was injured when she fell as she stepped from the foyer into a sunken living room. She offered no expert testimony that this constituted an *706 uncommon design or mode of construction. This court affirmed the final judgment entered on a directed verdict in favor of the homeowners. Id. at 1029. We noted that the trial court correctly recognized that Casby v. Flint, 520 So.2d 281 (Fla.1988), Schoen v. Gilbert, 436 So.2d 75 (Fla.1983), and Hoag v. Moeller, 82 So.2d 138 (Fla. 1955), mandated a directed verdict where there is no proof of an unusual mode of construction. Id.
We deem Kupperman v. Levine, 462 So.2d 90 (Fla. 4th DCA 1985), and Glanzberg v. Kauffman, 788 So.2d 252 (Fla. 4th DCA 2000), to be factually distinguishable. In Kupperman, the dining room table and chairs were centered over a change in floor level in the middle of the room, which gave the illusion of a level floor. The chair backs and seats were of even height, but only because some of the chairs had longer legs to accommodate for the change in floor levels, creating an illusion that the floor was level, an unusual circumstance. 462 So.2d at 91.
In Glanzberg, where the plaintiff fell on the front steps while leaving the defendants' home, we reversed a directed verdict for the homeowner. An expert witness testified that the steps had construction defects and were not of uniform heights and depths and did not comply with code, making it highly likely that someone would fall. The expert also testified that the steps were an "optical illusion" and were "not in a safe condition." 788 So.2d at 253. Therefore, that case was not suitable for summary disposition as there was proof of a dangerous condition involving both a faulty design or mode of construction and of an optical illusion. Id. In contrast to Kupperman and Glanzberg, there was no proof that the change in floor levels here created an optical illusion, nor was there proof of an uncommon design or mode of construction.
We also reject Allen's contention that Schoen and Casby are inapposite because those cases involve accidents that occurred inside the home rather than outside the home.
In Schoen, the Florida Supreme Court approved the Third District's decision affirming the summary judgment entered in favor of the homeowners, in a case where a guest fell when she failed to notice a step separating the foyer and living room due to poor lighting. The court concluded that the amount of lighting could not transform a difference in floor levels into an inherently dangerous condition. 436 So.2d at 76. It noted "[t]hat type of construction is common and no one entering a home can assume that the floors of all rooms in the same story have the same level, blindly travel on the presumption, disregard his own safety, stumble, fall, and recover." Id. (citing Hoag, 82 So.2d at 139). The supreme court also rejected the argument that whether the homeowner has a duty to warn a guest of a difference in floor levels is a factual question not susceptible to resolution by summary judgment. Id.
In Casby, the supreme court affirmed the dismissal of a third amended complaint alleging negligence. There, it was alleged that the guest, who fell because of a difference in floor levels, claimed that the change had been obscured by an excessive number of people and, thus, there should have been a warning. The court, citing Hoag, held that just as the amount of lighting could not change a difference in floor levels into an inherently dangerous condition, neither could the surrounding circumstances of an overcrowded room. 520 So.2d at 282.
We can discern no basis for applying different principles to a patio injury as opposed to an injury that occurs inside the *707 home. Here, there is simply no evidence that the difference in floor levels between the patio and pool areas constituted an optical illusion, uncommon design, or unusual construction. To the contrary, the only expert evidence is that the area did not violate codes and that the change in elevations in the two areas was very common in Florida.
Therefore, it was not error for the trial court to recognize that there was no issue of material fact and that the Youngs were entitled to judgment as a matter of law. See Holl v. Talcott, 191 So.2d 40, 43 (Fla. 1966).
GUNTHER and TAYLOR, JJ., concur.