THE COUNTY OF PEORIA, Plaintiff-Appellee, *v.* CLARENCE SCHIELEIN, Defendant-Appellant.

Third District   No. 80-28

Opinion filed August 7, 1980.

Davis & Morgan, of Peoria, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (Peter Wayne, Assistant State's Attorney, of counsel), for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

On September 19, 1979, the defendant, Clarence Schielein, was charged with a violation of the Peoria County Zoning Ordinance by the plaintiff, County of Peoria. The complaint alleged that the defendant permitted a commercial activity upon his property in violation of chapter 30, section 4(a) of the Code of Peoria County. A violation of the zoning ordinance is a Class B misdemeanor which is punishable by a fine not to exceed $500 and/or imprisonment in other than a penitentiary to a maximum of six months.

On October 19, the county of Peoria moved for purposes of discovery for leave of court to serve interrogatories upon the defendant. The motion was granted and the defendant was ordered to answer the interrogatories. Leave of court was granted to the defendant for the purpose of filing further motions.

Thereafter, the defendant filed a motion to vacate the order of discovery and a memorandum of law in support thereof. A hearing was held upon the defendant's motion on December 21, 1979, and the motion was denied. From this interlocutory order, the defendant appeals, pursuant to Illinois Supreme Court Rule 308 (Ill. Rev. Stat. 1979, ch. 110A, par. 308).

The issue raised on appeal is whether a complaint filed against a person for an alleged violation of a county zoning ordinance is a civil proceeding or a criminal proceeding. The defendant contends that it is a criminal proceeding, thus precluding discovery against him, since to allow discovery would violate his fifth amendment right against self-incrimination. We agree with the defendant's position.

The Peoria County Zoning ordinance states that any violation of the ordinance is a Class B misdemeanor:

"(b) Violations of Ordinance—Misdemeanors. The violation of the terms of this ordinance is hereby declared to be a Class B misdemeanor" (Peoria County Code 1976, ch. 30, par. 15(b).)

This provision is in accord with section 7 of "An Act in relation to county zoning":

"Any person who violates the terms of any ordinance adopted under the authority of this Act shall be guilty of a Class B misdemeanor." (Ill. Rev. Stat. 1979, ch. 34, par. 3160.)

Clearly, the classification of a violation of the Peoria County Zoning ordinance as a Class B misdemeanor is proper. The penalties for a Class B misdemeanor are set forth in the Unified Code of Corrections as follows:

"(b) The particular classification of each misdemeanor is specified in the law or ordinance defining the misdemeanor.

* * *

(2) Any offense not so classified which provides a sentence to a term of imprisonment of 6 months or less but in excess of 30 days shall be a Class B misdemeanor." Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—2(b)(2).

"Authorized fines. (a) An offender may be sentenced to pay a fine which shall not exceed for each offense:

* * *

(3) For a Class B or Class C misdemeanor, $500." Ill. Rev. Stat. 1979, ch. 38, par. 1005—9—1.

Because municipal ordinance violations have been the subject of much litigation, the application of the Civil Practice Act to those prosecutions has been well defined. For this reason we shall look to the analogous situation of municipal ordinance violations to determine whether county ordinance violations, properly designated Class B misdemeanors, should be prosecuted under civil or criminal rules of procedure.

In *City of Danville v. Hartshorn* (1973), 53 Ill. 2d 399, 292 N.E.2d 382, the Illinois Supreme Court discussed the quasi-criminal but essentially civil in form nature of municipal ordinance violations and held that the discovery provisions of the Civil Practice Act may be applied to such suits where the penalty is a fine only in the discretion of the trial court. This

holding was later codified in Supreme Court Rule 201(h) which allows the use of discovery procedures in municipal ordinance violations where the penalty is a fine only, provided leave of court is obtained. Ill. Rev. Stat. 1979, ch. 110A, par. 201(h).

Where a violation of a municipal ordinance may carry a penalty of incarceration in a penal institution other than a penitentiary, the prosecution must be conducted as a criminal procedure, as provided by section 1—2—1.1 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 1—2—1.1). In pertinent part, section 1—2—1.1 provides that "[t]he prosecution shall be under and conform to the rules of criminal procedure. Conviction shall require the municipality to establish the guilt of the defendant beyond a reasonable doubt."

The foregoing statute was construed in *City of Crystal Lake v. Nelson* (1972), 5 Ill. App. 3d 358, 361, 283 N.E.2d 239, 241, in which the appellate court noted the distinction between civil and criminal prosecutions in municipal ordinance violations: "By the enactment of Sec. 1—2—1.1, in 1969, it is obvious that the legislature imposed the rules of criminal procedure in those ordinance violations, conviction of which would result in incarceration. This is not the case of the violation of an ordinance where a fine only is authorized."

There is no comparable section of Illinois Revised Statutes, Chapter 34, dealing with Counties. However, as indicated earlier, section 7 of "An Act in relation to county zoning" (Ill. Rev. Stat. 1979, ch. 34, par. 3160) designates any violation of a county zoning ordinance as a Class B misdemeanor. Because Class B misdemeanors are punishable by a fine of up to $500 and/or incarceration in excess of 30 days to a maximum of six months, by analogy to those statutory provisions relating to municipal ordinance violations we conclude that the legislature must have intended to prosecute county zoning ordinance violations under criminal rules of procedure. To hold otherwise would allow counties to prosecute ordinance violations as civil cases, while requiring municipalities to prosecute similar cases under criminal rules of procedure. The inequities of such a situation are apparent. A defendant's fifth amendment right to be free from compelled self-incrimination should not depend on the identity of the prosecuting body.

Support for this conclusion is found in the Supplement to Historical and Practice Notes for Ill. Ann. Stat., ch. 110, par. 1 (Smith-Hurd Supp. 1980-1981) which explains that:

> "The [Civil Practice] Act does not apply * * * to ordinance prosecutions required to be conducted under criminal rules (*e.g.* prosecutions under penal ordinances enacted under Ch. 24, §1—2—1.1) nor does it apply to any ordinance providing for

imprisonment enacted under Section 6 of Article VII of the Constitution of 1970."

Furthermore, our holding that county zoning violations should be prosecuted under criminal rules of procedure, is in keeping with the United States Supreme Court's determination in *Camara v. Municipal Court* (1967), 387 U.S. 523, 527, 18 L. Ed. 2d 930, 934, 87 S. Ct. 1727, 1730, that a municipal ordinance violation wherein a fine not to exceed $500 or imprisonment not to exceed six months could be imposed for a violation of a housing code, is a criminal prosecution subject to the protections of the United States Constitution. Accord, *See v. City of Seattle* (1967), 387 U.S. 541, 18 L. Ed. 2d 943, 87 S. Ct. 1737.

*Village of Maywood v. Houston* (1956), 10 Ill. 2d 117, 139 N.E.2d 233, relied upon by the plaintiff, County of Peoria, for its position that civil rules of procedure should apply to county zoning violation cases, is inapposite. In *Houston* the Illinois Supreme Court held that a municipality has the right to appeal from an adverse ruling in an ordinance violation case, noting that the ordinance violation is quasi-criminal but civil in procedure. However, the ordinance violation in *Houston* carried a fine-only penalty as distinguished from the case at bar where incarceration is a possibility.

The plaintiff suggests that by waiving its right to seek incarceration in the present case the county should be permitted to prosecute the ordinance violation under civil rules. Such a suggestion is without merit. One cannot select procedural rules to be applied to a particular case by voluntarily waiving the possibility of certain statutory penalties for a given offense.

We likewise reject the contention that our holding designating county ordinance violations as criminal in procedure will have "ramifications" affecting other trial procedures which must be considered in our opinion. We can only determine those issues properly before us and cannot issue advisory opinions.

■■ Because we hold that county ordinance violations, designated Class B misdemeanors by statute, must be conducted under criminal rules of procedure, we further hold that discovery may not be taken from the defendant in the instant case. In *People v. Schmidt* (1974), 56 Ill. 2d 572, 575, 309 N.E.2d 557, the Illinois Supreme Court stated the guidelines for misdemeanor discovery as follows:

"The State is required to furnish defendants in misdemeanor cases with a list of witnesses (Ill. Rev. Stat. 1971, ch. 38, par. 114—9), any confession of the defendant (Ill. Rev. Stat. 1971, ch. 38, par. 114—10), evidence negating the defendant's guilt (*Brady v. Maryland*, 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194), and, in this

particular case, the results of the breathalyzer test (Ill. Rev. Stat. 1971, ch. 95½, par. 11—501(g)). * * * At the time of adoption of the 1971 rules [Supreme Court Rules 411-415, dealing with discovery in felony criminal cases] we believed adequate for the lesser offenses the discovery provided by case law and statute, and we see no reason to depart from that view now."

From this discussion it is clear that the only discovery permitted in misdemeanor cases is discovery from the State to the defendant. There is no required discovery from the defendant to the State.

For the foregoing reasons we reverse the order of the Circuit Court of Peoria County denying the defendant's motion to vacate the order of discovery and remand for further proceedings not inconsistent with this opinion.

Reversed and remanded.

SCOTT and BARRY, JJ., concur.