RICHARD R. MEISTER, Indiv. and as Adm'r of the Estate of Matthew J. Meister, Deceased, *et al.*, Plaintiffs, v. DAVID O. HENSON, Defendant (Dorothy J. Meister, Plaintiff and Counterdefendant-Appellant; Ralph Andresen, Indiv. and d/b/a Ralph's Towing, Defendants and Counterplaintiffs-Appellees).

Third District   No. 3—86—0483

Opinion filed February 5, 1987.

Rex K. Linder and Karen L. Kendall, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellant.

W. Thomas Johnston and Dianne M. Wolfe, both of McConnell, Kennedy, Quinn & Johnston, of Peoria, for appellees.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

This suit arises out of a collision between an automobile driven by Dorothy Meister and a tow truck which had been pulled to a stop along the shoulder of Interstate 74 near Morton, Illinois, by David Henson on December 15, 1982. The tow truck was owned by Henson's employer, Ralph Andresen, doing business as Ralph's Towing. According to the pleadings of record, Meister and her children, Rebekah, Sarah, and Michael, Jr., passengers at the time of the accident, suffered personal injuries as a result of the accident. Another son, Matthew, was injured and died. Andresen's truck was allegedly damaged to the extent of approximately $6,000. Andresen's insurance company paid him $4,200 toward the repairs, and, on April 29, 1983, Andresen accepted $1,500 from Meister's insurer in exchange for a general release of Dorothy and Michael Meister from all claims that might result from the accident.

On December 14, 1984, Meister, together with the children's father, the administrator of Matthew's estate, and the surviving children, filed suit in 10 counts in the circuit court of Peoria County against Henson and Andresen for wrongful death and personal injuries. Andresen, whose liability was predicated solely on a *respondeat superior* theory, answered the complaint and countersued Dorothy Meister, claiming contribution for any judgment that might be entered against him for wrongful death and injuries to the children. Meister thereupon moved to dismiss Andresen's countercomplaint on the ground that Andresen's execution of the general release barred his suit for contribution. In response to Meister's motion, Andresen filed affidavits by himself and Dick Williams, Andresen's attorney at the time he executed the release, explaining that the parties to the release had intended that it release Meister from any claims that Andresen might have for property damages only. Andresen moved to have the release set aside, or, in the alternative, restricted in scope to property damages only. The motions were heard and resolved in favor of Andresen, the court denying Meister's motion to dismiss and granting Andresen's motion to limit the scope of the release to property damages only.

After denying Meister's motion for reconsideration, the court certified for interlocutory appeal pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308) the following questions: "1) whether the trial court erred in considering parol or extrinsic evidence as to the intention of the parties in the execution of the release of all claims; 2) whether the trial court erred in denying Dorothy Meister's Motion to Dismiss the Counterclaim of Ralph Andresen, individually and d/b/a Ralph's Towing based on Ralph Andresen's execution of a release of all claims; and 3) whether the trial court erred in limiting the scope of the general release to property damages only."

This court thereafter granted Dorothy Meister's application for leave to appeal. Having considered the questions of law presented for our review, we now answer them all in the affirmative for reasons that follow.

In *Rakowski v. Lucente* (1984), 104 Ill. 2d. 317, 472 N.E.2d 791, our supreme court was asked to decide whether a general release, executed under circumstances substantially similar to the case before us today, released the releasor's right to contribution from the releasee. A divided court determined that it did.

Rakowski and his two passengers were involved in an automobile accident with a vehicle driven by Lucente. Two weeks after the accident, Lucente executed a general release in Rakowski's favor in exchange for $2297. The next day Rakowski and his two passengers sued Lucente for their personal injuries. Lucente counterclaimed against Rakowski for contribution for injuries sustained by the passengers. Rakowski moved to dismiss the countercomplaint. Lucente responded with his affidavit stating that he did not intend to forego his right to contribution when he executed the release. He only intended to release his right to claims for his own personal injuries and property damages. The circuit court granted Rakowski's motion to dismiss, and the supreme court affirmed.

The *Rakowski* court initially ruled that the general release was operative with respect to Lucente's right of contribution, even though that right had not yet come into existence at the time Lucente executed the release and was not specifically enumerated within the release document. Next, the court found that the document was a fully integrated contract and that the parol-evidence rule precluded admission of extrinsic evidence of the parties' intent. The court stated:

> "Where a written agreement is clear and explicit, a court must enforce the agreement as written. Both the meaning of the instrument, and the intention of the parties must be gathered from the face of the document without the assistance of parol

evidence or any other extrinsic aids. As this court said in *Saddler v. National Bank* (1949), 403 Ill. 218, 228, [85 N.E.2d 733,] 'What the parties to a written contract may have understood as to the meaning of the language used is not admissible in evidence. The intention or understanding of the parties, when there is a written contract in evidence, must be determined not from what the parties thought but from the language of the contract itself. [Citation.]' " *Rakowski v. Lucente* (1984), 104 Ill. 2d 317, 323, 472 N.E.2d 791, 794.

In *Rakowski,* as here, the defendant-counterplaintiff (Lucente) argued that a suit for contribution, as opposed to a direct liability action, was not contemplated by him when the general release was executed in Rakowski's favor and that the omission of language expressly extinguishing his contribution rights rendered the document ambiguous. The *Rakowski* court rejected these arguments. The court found the document clear and complete and ruled that Lucente's affidavit failed to establish that the release was the product of mutual mistake. At best, Lucente's affidavit presented a "unilateral or self-induced mistake," rather than a "mutual mistake, material to the transaction and affecting its substance, *** clearly and convincingly *** established." (104 Ill. 2d 317, 324, 472 N.E.2d 791, 794.) The *Rakowski* majority, relying on relevant case law from sister jurisdictions and the public policy of encouraging settlements, further determined that the language releasing Rakowski "from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from [the] accident" and declaring the document's "express purpose of precluding forever any further or additional claims arising out of the *** accident" was sufficiently explicit and detailed to include claims that the releasor might have for contribution.

The release before us here contains the following comparable provisions:

"For and in consideration of the payment to me at this time of the sum of One Thousand Five Hundred and 00/100 ($1500.00) Dollars, the receipt and sufficiency of which is hereby acknowledged, I, being of lawful age, do hereby release, acquit and forever discharge Michael Meister and Dorothy Meister of and from any and all actions, causes of action, claims, demands, costs, loss of services, expenses and compensation, on account of, or in any way growing out of, any and all

known and unknown personal injuries and property damage resulting or to result from any accident that occurred on or about the 15th day of December, 1983 [*sic*] at or near Interstate 74 and Route 150, Morton, Il.

* * *

This release contains the ENTIRE AGREEMENT between the parties hereto and the terms of this release are contractual and not a mere recital.

I further state that I have carefully read the foregoing release and know the contents thereof, and I sign the same as my free act for the purpose of making a full and final compromise, adjustment and settlement of the injuries and damages mentioned above."

Andresen, in urging that we affirm the trial court's decision to limit the scope of the release to property damages only, does not dispute the fact that the language of the release he executed in Meister's favor is as broad as that considered by the *Rakowski* court. He seeks, however, to distinguish *Rakowski* on grounds that the releasor in *Rakowski*, unlike here, was one of the drivers involved in the accident. Lucente, who was present at the accident scene and was injured himself, could not claim ignorance of the fact that Rakowski and his passengers sustained injuries. By contrast, Andresen continues, his own potential liability is grounded solely on a theory of *respondeat superior*. For this reason, Andresen posits, his knowledge of the rights given up by signing the release may not be imputed. Ergo, he concludes, the trial court properly considered his affidavits, stating that the parties did not discuss personal injuries and that he understood that Dorothy Meister's negligence was the sole cause of the accident, as evidence of a mutual mistake of fact.

■■ We find the attempted distinction inconsequential. In essence, Andresen claims a unilateral or self-induced misunderstanding. Andresen does not claim that he was unaware when he signed the release that Dorothy Meister and her children were injured as a result of the collision. He contends only that he did not consider the possibility that he might be liable for those injuries, but contemplated that Meister would assume sole responsibility for them. Andresen's position, as such, is no different from that of Lucente in the *Rakowski* case. Andresen, no less than Lucente, was undeniably cognizant of the releasee's conduct in regard to the accident. In this case, Dorothy Meister rear-ended Andresen's truck, which at the time was stopped along the shoulder of the highway. As pointed out in *Rakowski*, it is the fact that both parties were aware that the releasee, by her conduct, con-

tributed to the accident that defeats the releasor's contention that neither party intended to extinguish the releasor's right to seek contribution. *Rakowski v. Lucente* (1984), 104 Ill. 2d. 317, 323-24, 472 N.E.2d 791, 794.

■■ Nor are we convinced that this case may be distinguished by the fact that the consideration given for Andresen's release was in a sum that was $300 less than the unreimbursed estimated damages to his truck. In *Rakowski*, Lucente affirmed by his affidavit that the amount of the consideration he gave was intended to extend only to his own personal injuries and property damages. There is no indication that the amount given in consideration for Lucente's release exceeded the amount needed to compensate him for his own damages known as of the date he executed the release. In effect, Andresen's argument here is precisely that made by Lucente and rejected by the *Rakowski* majority. The fact that Andresen himself suffered no personal injuries and accepted in exchange for his execution of the general release an amount representing a settlement for the alleged damages to his truck does not alter the binding effect of the comprehensive, precise, and unambiguous language appearing in the release signed by him.

■ Finally, Andresen argues that a reversal of the trial court's order here would be unconscionable. Whether Andresen's concerns are real or premature need not be addressed by this court since, in any event, we may not overrule binding precedent. As indicated above, we fail to perceive of any legally significant distinction between this case and the circumstances presented in *Rakowski*. In our opinion, *Rakowski* is dispositive of the issues certified for our consideration and compels the ultimate conclusion that the trial court erred in denying Dorothy Meister's motion to dismiss Andresen's countercomplaint.

For the reasons stated, we reverse the orders of the trial court denying Meister's motion to dismiss and granting Andresen's motion to limit the scope of the release executed by him. We remand this cause for further proceedings.

Reversed and remanded.

STOUDER and SCOTT, JJ., concur.