GLENN BASS, Plaintiff-Appellant, v. CINCINNATI, INCORPORATED, Defendant-Appellee.

First District (3rd Division)   No. 1—88—0018

Opinion filed March 15, 1989.

Joseph R. Curcio, of Chicago (David A. Novoselsky, of counsel), for appellant.

Schaffenberger, Watson & Peterson, Ltd., of Chicago (Donald G. Peterson and John J. Piegore, of counsel), for appellee.

McKenna, Storer, Rowe, White & Farrug, of Chicago (James P. DeNardo and Christine L. Olson, of counsel), for *amicus curiae*.

JUSTICE WHITE delivered the opinion of the court:

This interlocutory appeal, pursuant to Illinois Supreme Court Rule 308 (107 Ill. 2d R. 308), involves four certified questions regarding the

scope of discovery and the type of evidence admissible in a products liability action claiming a design defect. In particular, we are asked to determine:

 (1) whether evidence of similar post-accident occurrences or injuries involving the same or substantially similar products may be admissible to show that a product is defective;

 (2) whether evidence and records of similar post-accident occurrences or injuries involving the same or substantially similar products are discoverable to show that a product is defective;

 (3) whether evidence of similar post-accident occurrences or injuries involving the same or substantially similar products may be admissible to show that a manufacturer acted in conscious disregard of the safety of others and should be liable for punitive damages; and

 (4) whether evidence and records of similar post-accident occurrences or injuries involving the same or substantially similar products are discoverable to show that a manufacturer's conduct was willful and wanton.

We answer questions 1 and 2 in the affirmative, and questions 3 and 4 in the negative.

 ■ Initially, we consider the contention of defendant, Cincinnati, Incorporated, that the application for leave to appeal, pursuant to Supreme Court Rule 308, was improvidently granted. Citing *Voss v. Lincoln Mall Management Co.* (1988), 166 Ill. App. 3d 442, 519 N.E.2d 1056, defendant argues that questions involving discovery and evidence disputes are not reviewable under Rule 308. We are aware that discovery orders are not appealable under Rule 308. (*People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 171, 429 N.E.2d 483; *Voss,* 166 Ill. App. 3d at 452.) However, a distinction exists between questions of law regarding the scope of discovery and evidence, and questions regarding particular discovery and evidentiary rulings of a trial court. We believe that questions of law are reviewable under Rule 308, whereas discovery orders and evidentiary rulings of a trial court are not. (See *Meister v. Henson* (1987), 151 Ill. App. 3d 1059, 504 N.E.2d 227 (question certified was whether the trial court erred in considering parol or extrinsic evidence as to the intention of the parties in the execution of a release); *Hukill v. DiGregorio* (1985), 136 Ill. App. 3d 1066, 484 N.E.2d 795 (interlocutory appeal from order denying motion to admit evidence that plaintiff's failure to wear a safety helmet was a breach of plaintiff's duty to exercise care for his own safety); *Matviuw v. Johnson* (1982), 111 Ill. App. 3d 629, 444 N.E.2d 606 (the appellate court considered two questions on review:

(1) may the parties introduce into evidence statements made at a meeting, or does the medical studies act, as amended, preclude the introduction of said statements; and (2) are the statements made at the meeting discoverable or does the medical studies act, as amended, preclude discovery of those of those statements); *County of Peoria v. Schielein* (1980), 87 Ill. App. 3d 14, 409 N.E.2d 89; *People v. Finley* (1974), 21 Ill. App. 3d 335, 315 N.E.2d 229.) The questions which have been certified for our review are questions of law regarding the scope of discovery and evidence in a products liability action. We believe that these questions are reviewable under Rule 308 and that the application for leave to appeal pursuant to Rule 308 was properly granted. We turn then to the questions certified for review.

QUESTION 1

In question 1, we must determine whether evidence of similar post-accident occurrences or injuries involving the same or substantially similar products may be admissible to show that a product is defective. We believe that such evidence may be admissible.

■ It is well established in Illinois that evidence of prior accidents is competent to show that the common cause of the accidents is a dangerous or unsafe thing or condition. (*Moore v. Bloomington, Decatur & Champaign R.R. Co.* (1920), 295 Ill. 63, 67, 128 N.E. 721; *Mobile & Ohio R.R. Co. v. Vallowe* (1905), 214 Ill. 124, 129, 73 N.E. 416; *City of Bloomington v. Legg* (1894), 151 Ill. 9, 37 N.E. 696.) In *City of Bloomington v. Legg*, the Illinois Supreme Court explained the rationale for this rule:

> "This court has held such evidence competent, not for the purpose of showing independent acts of negligence, but as tending to show the common cause of these accidents is a dangerous, unsafe thing. Where an issue is made as to the safety of any machinery or work of man's construction which is for practical use, the manner in which it has served that purpose, when put to that use, would be a matter material to the issue, and ordinary experience of that practical use, and the effect of such use, bear directly upon such issue." (151 Ill. at 13.)

To render evidence of similar accidents, resulting from the same cause, competent, it must appear or the evidence must reasonably tend to show that the instrument or agency which caused the injury was in substantially the same condition at the time such other accidents occurred, as at the time the accident complained of was caused. *City of Bloomington v. Legg*, 151 Ill. at 14.

This rule of evidence has been applied in products liability cases.

Thus, in *Rucker v. Norfolk & Western Ry. Co.* (1979), 77 Ill. 2d 434, 441, 396 N.E.2d 534, the Illinois Supreme Court held that the circuit court did not err in admitting evidence of 42 prior accidents involving punctures of LPG tank cars for the purpose of showing the danger of the design. The court observed that "[i]t need not be shown that the accidents occurred in an identical manner. Substantial similarity is all that is required." (*Rucker v. Norfolk & Western Ry. Co.*, 77 Ill. 2d at 441.) In *Moore v. Jewel Tea Co.* (1969), 116 Ill. App. 2d 109, 129, 253 N.E.2d 636, *aff'd* (1970), 46 Ill. 2d 288, the plaintiff was injured when a can of Drano which had not been opened exploded. The Illinois Appellate Court held that evidence of three prior accidents in which a Drano can which had not been opened exploded was competent as tending to show that the common cause of the accidents was a dangerous and unsafe thing. See also *Ballweg v. City of Springfield* (1986), 114 Ill. 2d 107, 114, 499 N.E.2d 1373 (holding that evidence of prior occurrences may be admissible to establish the dangerousness of a product); *Davis v. International Harvester Co.* (1988), 167 Ill. App. 3d 814, 825, 521 N.E.2d 1282 (holding that evidence of prior accidents is admissible to demonstrate that a vehicle is dangerous if the proponent establishes that the accidents occurred in a substantially similar manner); *Schaffner v. Chicago & North Western Transportation Co.* (1987), 161 Ill. App. 3d 742, 761, 515 N.E.2d 298; *Bastian v. TPI Corp.* (N.D. Ill. 1987), 663 F. Supp. 474, 477 (evidence of prior, similar occurrences is admissible to establish the unreasonably dangerous qualities of a defective design of a product for purposes of strict liability).

■ Evidence of prior accidents is admissible because it tends to show that a product is dangerous or defective. The same rationale applies to evidence of accidents which occur after the accident involving a particular plaintiff. A subsequent accident at the same or a similar place, under the same or similar conditions, is just as relevant as a prior accident to show that the condition was in fact dangerous or defective, or that the injury was caused by the condition. It is common sense that the higher the number of accidents involving a product, the more likely it is that the product is the cause of the accidents and is dangerous or defective. It matters little whether the accidents occurred prior to or subsequent to the accident at issue. In light of the fact that Illinois courts have allowed evidence of prior accidents to be used to show the dangerousness or defectiveness of products, we must hold that evidence of similar post-accident occurrences or injuries involving the same or substantially similar products may be admissible to establish the dangerousness or defectiveness of a product.

We find further support for our holding in the decisions of our sister courts. In *Ginnis v. Mapes Hotel Corp.* (1970), 86 Nev. 408, 470 P.2d 135, plaintiff brought an action seeking damages for injuries sustained when an automatic door closed upon her while she was leaving a hotel. During the trial, plaintiff sought to call two other persons to testify who had been caught in the same door subsequent to her experience. The lower court refused the request. On appeal, the supreme court of Nevada held that "evidence of subsequent, similar accidents involving the same door are [*sic*] relevant to causation and a defective and dangerous condition under [the theory of strict tort liability]." (86 Nev. at 408, 470 P.2d at 135.) In *Dura Corp. v. Harned* (Alaska 1985), 703 P.2d 396, plaintiff was injured when a small portable air tank exploded and severed his left arm. The trial court allowed into evidence two air tanks that had also exploded. The supreme court of Alaska observed that " '[e]vidence of prior or subsequent accidents is relevant to, and may be admissible in, personal injury actions to demonstrate that a defective or dangerous condition existed, provided the incident took place under similar circumstances and their probative value is not outweighed by considerations set forth in Alaska R. Evidence 403.' " (703 P.2d at 410, quoting *Harned v. Dura* (Alaska 1983), 665 P.2d 5, 8 n.8.) The court then held that the trial court did not err by admitting into evidence the two air tanks that had also exploded. See also *Simmons v. Southern Pacific Transport Co.* (1976), 62 Cal. App. 3d 341, 133 Cal. Rptr. 42 (a subsequent accident at a railroad crossing was admitted to show that the condition of the crossing was in fact dangerous and defective).

■ In summary, we hold that evidence of similar post-accident occurrences or injuries involving the same or substantially similar products may be admissible to establish that the product is defective. The determination of similarity between occurrences or injuries must be made by the trial court, within the exercise of its sound discretion. The trial court must of course follow the rules of evidence and examine any claims of privilege in determining what evidence is admissible.

QUESTION 2

■ In question 2, we are asked to determine whether evidence and records of similar post-accident occurrences or injuries involving the same or substantially similar products is discoverable to show the existence of a defect in a product. Preliminarily, we note that the purpose of discovery is to enable counsel to prepare better and evaluate their cases and to eliminate surprise at trial. (*United Nuclear Corp. v. Energy Conversion Devices, Inc.* (1982), 110 Ill. App. 3d 88, 104, 441

N.E.2d 1163.) As to the scope of discovery in general, the right of discovery is limited to disclosure regarding matters relevant to the subject matter involved in the pending action. (*United Nuclear Corp.*, 110 Ill. App. 3d at 104.) However, great latitude is allowed in the scope of discovery, and discovery thus includes not only what is admissible at trial, but also that which leads to what is admissible. *Snyder v. Lowrey* (1986), 141 Ill. App. 3d 30, 32, 489 N.E.2d 899; *Mistler v. Mancini* (1982), 111 Ill. App. 3d 228, 232, 443 N.E.2d 1125; *United Nuclear Corp.*, 110 Ill. App. 3d at 104.

■■ We have held in response to question 1 that evidence of similar post-accident occurrences or injuries on the same or substantially similar products may be admissible as evidence of the existence of a defect. It is axiomatic that a plaintiff should have access, through discovery, to items which may be admissible or which may lead to evidence admissible at trial. Accordingly, we hold that records and evidence of similar post-accident occurrences or injuries involving the same or substantially similar products are discoverable to show the existence of the defect.[1]

QUESTION 3

The third question that we are asked to consider is whether evidence of similar post-accident occurrences or injuries involving the same or substantially similar products may be admissible to establish that a manufacturer acted in conscious disregard of the safety of others. We believe that such evidence is inadmissible.

In *Moore v. Remington Arms Co.* (1981), 100 Ill. App. 3d 1102, 427 N.E.2d 608, plaintiff sustained injuries when a shotgun manufactured by defendant exploded while she was using it. Plaintiff filed an action against defendant in which she alleged that the shotgun was defectively designed and was defectively manufactured out of defective metal. Plaintiff sought punitive damages from defendant based upon its knowledge of prior similar explosions and thus its prior knowledge of the defective nature of the shotgun. During discovery, plaintiff asked defendant whether any shotgun, of the type or model involved in her accident, was involved in any similar occurrence at any time prior or subsequent to plaintiff's accident. Defendant answered yes. At trial, an employee of defendant testified that he did not believe that there were any occurrences or explosions similar to that of plaintiff's shotgun before or after plaintiff's accident. The

---

[1]Once more we note that the trial court must determine which accidents are substantially similar. Also, any request for discovery must comply with discovery rules.

question then arose whether defendant's answer to discovery could be used as substantive evidence that defendant had knowledge of a defect in its guns prior to the explosion involving plaintiff, or whether the answer could only be used to impeach defendant's employee. The Illinois Appellate Court held that the answer to discovery was a prior inconsistent statement and was properly used to impeach defendant's employee. However, the court reversed the jury's award of punitive damages. The court observed that plaintiff's claim for punitive damages was based largely on the answer to discovery. The discovery request placed no time limit on similar occurrences, and thus, defendant's answer could have included only incidents that occurred after the explosion involving plaintiff's shotgun. The court concluded that "only prior occurrences are relevant to establishing plaintiff's claim for punitive damages." 100 Ill. App. 3d at 1111.

■ We agree with the court in *Moore v. Remington Arms Co.*, that subsequent occurrences are not relevant to establishing a claim for punitive damages. Punitive or exemplary damages are awarded when a defendant acts willfully or with such gross negligence as to indicate a wanton disregard of the rights of others. (*J.I. Case Co. v. McCartin-McAuliffe Plumbing & Heating, Inc.* (1987), 118 Ill. 2d 447, 453, 516 N.E.2d 260; *Hazelwood v. Illinois Central Gulf R.R.* (1983), 114 Ill. App. 3d 703, 710, 450 N.E.2d 1199.) In a products liability case, a manufacturer's awareness that its product poses a danger coupled with a failure to act to reduce the risk amounts to willful and wanton conduct. (*Bastian*, 663 F. Supp. at 476.) Evidence of prior occurrences is admissible to show that a defendant was on notice of a dangerous condition in its product which would probably result in further injury if nothing was done. (*Lipke v. Celotex Corp.* (1987), 153 Ill. App. 3d 498, 505 N.E.2d 1213; *Moore v. Remington Arms Co.*, 100 Ill. App. 3d at 1111; *Moore v. Jewel Tea Co.*, 116 Ill. App. 2d 109.) However, evidence of subsequent occurrences cannot establish that a manufacturer was aware of the dangerous condition of its product at the time of the plaintiff's injury and failed to act to lessen or eliminate the danger to the plaintiff. Any knowledge gained by a manufacturer from a subsequent occurrence would not be timely. Such knowledge cannot indicate a disregard of the rights of others and cannot be the basis for an award of punitive damages. See also *Bastian*, 663 F. Supp. at 478 (only occurrences prior to the one which caused plaintiffs' injury are relevant to showing a manufacturer's knowledge of a defect).

■ In summary, we hold that evidence of similar post-accident occurrences or injuries involving the same or substantially similar prod-

ucts may not be used to show that a manufacturer acted in conscious disregard of the safety of others and cannot support a claim for punitive damages.

QUESTION 4

In question 4, we are asked to determine whether a plaintiff may obtain, through discovery, evidence and records of similar post-accident occurrences or injuries involving the same or substantially similar products to establish a manufacturer's willful and wanton conduct. As stated above, the scope of discovery includes matters that are admissible at trial and matters that lead to evidence admissible at trial. We have held in response to question 3 that evidence of similar post-accident occurrences or injuries on the same or substantially similar products may not be admitted in evidence to establish willful and wanton conduct. Thus, allowing a plaintiff access to evidence and records of similar post-accident occurrences or injuries is not likely to lead to evidence admissible at trial. Accordingly, we hold that such evidence and records are not discoverable.

This cause is remanded for further proceedings consistent with this opinion.

Remanded.

FREEMAN, P.J., and RIZZI, J., concur.