James OLLER, as personal representative of the Estate of Thelma Evelyn Oller, deceased, Plaintiff,

v.

FORD MOTOR COMPANY, a foreign corporation, Defendant.

Jeffery Paul PATET and Maritza Arenas Patet, as personal representatives of the Estate of Nathan Gabriel Patet, deceased, Plaintiffs,

v.

FORD MOTOR COMPANY, a foreign corporation, Defendant.

Nos. 92–523–CIV–T–17A, 92–555–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

Sept. 30, 1996.

Dennis Gus Diecidue, Dennis G. Diecidue, P.A., Tampa, FL, for plaintiffs.

Ronald E. Cabaniss and Francis M. McDonald, Jr., Cabaniss & Burke, P.A., Orlando, FL, for defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, Chief Judge.

This cause is before the Court on Defendant's Motion for Summary Judgment, and supporting Memorandum of Law, (Dkts. 111, 112), and Plaintiffs' Memorandum of Law in opposition to Motion for Summary Judgment (Dkt. 120).

### FACTUAL BACKGROUND

Plaintiffs filed this action for damages against Ford Motor Company ("Ford") after the subject 1990 Ford Aerostar suddenly and unintentionally accelerated, killing Plaintiffs' decedents, Thelma Oller and Nathan Patet, on June 10, 1990.

Plaintiff James Oller originally filed suit in the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida in and for Hillsborough County. Ford removed the case to the United States District Court for the Middle District of Florida, Tampa Division on April 22, 1992 pursuant to 28 U.S.C. § 1441 and § 1332. A related case filed by Jeffery and Maritza Patet was consolidated with the Oller case. The consolidated case went to mediation on May 11, 1993 and was not resolved. This Court granted a motion to consolidate cases for trial on March 17, 1995. Ford filed its motion for summary judgment on July 30, 1996.

### STANDARD OF REVIEW

■ Summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the non-movant. *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 656 (11th Cir.1983). Issues of fact are genuine only if a reasonable jury, considering the evidence presented, could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Facts are material only if they will affect the outcome of the trial under governing law. *Id.* at 248, 106 S.Ct. at 2510. Hence, the substantive law of the case determines which facts are material and which are irrelevant. *Id.*

The United States Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986) that the plain language of Federal Rule of Civil Procedure 56(c) mandates summary judgment after "adequate time for discovery and upon motion, against a party who fails to establish the existence of an essential element to the party's case, and on which the party will bear the burden at trial." The Court also held that Rule 56(e) requires the non-moving party to go beyond the pleadings in establishing whether there are specific facts showing a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553.

In determining whether to grant summary judgment, the district court acknowledges that "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513.

### DISCUSSION

Jurisdiction in this products liability action is founded upon diversity of citizenship under 28 U.S.C. § 1332. While sitting in diversity, the court is bound to apply state substantive law and federal procedural law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Guaranty Trust Co. v. York*, 326 U.S. 99, 112, 65 S.Ct. 1464, 1471, 89 L.Ed. 2079 (1945); *Byrd v. Blue Ridge Rural Elec. Coop., Inc.,* 356 U.S. 525, 538–39, 78 S.Ct. 893, 901–02, 2 L.Ed.2d 953 (1958); *Hanna v. Plumer,* 380 U.S. 460, 471–74, 85 S.Ct. 1136, 1143–46, 14 L.Ed.2d 8 (1965). The parties stipulated Illinois law as the law of the case in this diversity action. As a result, Illinois law guides the Court in its determination as to whether material issues of fact between Plaintiffs and Defendant exist.

Defendant Ford alleges that Plaintiffs failed to provide competent evidence of any defect in the Ford Aerostar. More specifically, Ford claims that because Plaintiffs have no expert testimony, they will be unable to establish a defect to support either a strict liability or negligence claim. Ford fur-

ther alleges that Plaintiffs' proof is mere conjecture or speculation, and that mere speculation as to the cause of an accident is insufficient to defeat a motion for summary judgment.

■ Illinois law requires that a plaintiff prove the following three elements in order to support a claim under strict liability: (1) The injury or damage resulted from a condition of the product; (2) the condition was an unreasonably dangerous one; and (3) the condition existed at the time it left the manufacturer's control. *Suvada v. White Motor Co.*, 32 Ill.2d 612, 210 N.E.2d 182, 188 (1965). Ford claims that none of these elements have been proved by the Plaintiffs because there is a complete lack of any evidence concerning any defect in the Ford Aerostar. In coming to this conclusion, Ford equates lack of evidence with lack of expert testimony. Ford's position is that the affidavits of the non-expert witnesses for the plaintiff fail to establish a basis for the reasonable inference that a defect in the product caused the injury.

■ Illinois law provides that a defendant will be liable for negligence only if he has a duty toward the plaintiff, he breaches that duty, and the breach is the proximate cause of the plaintiff's injury. *D'Olier v. General Motors Corp.*, 145 Ill.App.3d 543, 99 Ill.Dec. 305, 308, 495 N.E.2d 1040, 1043 (1986). Ford argues that Plaintiffs' evidence and testimony raise only mere possibilities as to the reason for the sudden acceleration, and further states that such conjecture or speculation is insufficient to support a negligence claim.

■ Defendant Ford's argument is insufficient to support summary judgment for two reasons. First, discovery is incomplete as evidenced by the pending amended renewed motion to compel answers to interrogatories, production of documents, and responses to other discovery requests (Dkt. 93). Further, Plaintiffs have not been permitted to take the deposition of a single Ford employee or witness. Given the incomplete status of discovery, summary judgment is premature.

Second, despite incomplete discovery, the depositions that have been taken from non-Ford witnesses, and the numerous reports to Ford of similar incidents of sudden unexpected acceleration involving Ford Aerostar minivans, clearly establish a prima facie case for both strict liability and negligence sufficient to defeat Defendant's Motion for Summary Judgment.

■ While the Plaintiffs have not been able to obtain testimony from expert witnesses, and therefore have not been able to determine the precise defect that caused the sudden acceleration, the contents of the affidavits obtained from the driver and four witnesses to the accident clearly indicate a genuine issue of material fact as to whether the Ford Aerostar was defective. Under Illinois law, the plaintiff need not establish the precise defect causing the injury, as long as he can establish some credible basis for a reasonable inference that the condition of the product caused the injury. *American Family Ins. v. Village Pontiac–GMC, Inc.*, 223 Ill.App.3d 624, 166 Ill.Dec. 93, 97, 585 N.E.2d 1115, 1119 (1992). Further, Illinois law states that proof of a defect can be inferred from prior and subsequent substantially similar events which would give notice to the manufacturer of an unreasonably dangerous condition. *Bass v. Cincinnati, Inc.*, 180 Ill. App.3d 1076, 129 Ill.Dec. 781, 782–84, 536 N.E.2d 831, 832–34 (1989); *Rucker v. Norfolk & W. Ry. Co.*, 77 Ill.2d 434, 33 Ill.Dec. 145, 148–49, 396 N.E.2d 534, 537–38 (1979). Finally, Illinois law recognizes that when a product malfunctions during normal operations, a presumption of product defect arises. *Bollmeier v. Ford Motor Co.*, 130 Ill.App.2d 844, 265 N.E.2d 212, 217–18 (1971).

■ The driver's testimony that she had her foot on the brake, and not the accelerator, and the testimony of four witnesses that they saw the brake lights on during the sudden acceleration, provide a basis from which a defect can reasonably be inferred. The depositions collectively support the Plaintiffs' claim that the Aerostar malfunctioned by suddenly and unexpectedly accelerating during the drivers normal operation of the vehicle. The driver's testimony that she and her husband purchased the Aerostar new only six months prior to the accident, and

820

had not yet had it serviced, further points to manufacturer, Ford, as the source of the defect. Finally, the numerous incidents of unexpected, sudden acceleration in Aerostar minivans reported to Ford provide a third basis from which a defect can be inferred.

The depositions supporting the unexpected sudden acceleration of the Aerostar, and the evidence of similar incidents of sudden acceleration in Ford Aerostar minivans satisfy Plaintiffs' burden of proof with respect to the essential elements of their claims for both strict liability and negligence. Viewing the evidence in the light most favorable to the non-movants, there is clearly a genuine issue of material fact regarding the Ford Aerostar's defectiveness. The Court finds that the entry of summary judgment is precluded. Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment (Dkt. 11) be **DENIED**.