MARGARET SZCZEBLEWSKI *et al.*, Plaintiffs-Appellants, v. JEFFREY GOSSETT, Defendant-Appellee.

Fifth District    No. 5—02—0422

Opinion filed July 31, 2003.

Bruce D. Irish, of Sam C. Mitchell & Associates, of West Frankfort, for appellants.

Brad K. Bleyer, of Marion, for appellee.

JUSTICE DONOVAN delivered the opinion of the court:

This interlocutory appeal, pursuant to Illinois Supreme Court Rule 308 (155 Ill. 2d R. 308), involves three certified questions regarding the proper interpretation and application of Supreme Court Rule 216 (134 Ill. 2d R. 216). In particular, we are asked to determine:

> 1. Whether the causal connection to the occurrence, the reasonableness and necessity of the medical services, and the reasonableness of the cost of medical services are facts susceptible to admission or denial within the meaning of Supreme Court Rule 216.

2. Whether the knowledge of defendants' attorneys and insurers regarding the causal connection to the occurrence, the reasonableness and necessity of the medical services, and the reasonableness of the cost of medical services are facts imputable to defendants for purposes of Supreme Court Rule 216.

3. Whether a defendant responding to requests for the admission of facts as set forth above is required to seek to avail himself of the knowledge of his attorneys and/or insurers before making a claim of insufficient knowledge to admit or deny.

We answer question 1 in the affirmative and combine questions 2 and 3 into one inquiry and answer it in the affirmative.

■ Initially, we note that discovery orders are not appealable under Rule 308. *People ex rel. Scott v. Silverstein*, 87 Ill. 2d 167, 171, 429 N.E.2d 483, 485 (1981); *Voss v. Lincoln Mall Management Co.*, 166 Ill. App. 3d 442, 452, 519 N.E.2d 1056, 1063 (1988). Nevertheless, a distinction exists between questions of law regarding the scope of discovery and questions regarding particular discovery. Questions of law are reviewable under Rule 308, whereas discovery orders are not. *Bass v. Cincinnati, Inc.*, 180 Ill. App. 3d 1076, 1078, 536 N.E.2d 831, 832 (1989). The questions that have been certified for our review are questions of law regarding the scope of discovery. We turn then to the questions certified for review.

## Background

This case arises out of the claims of Margaret Szczeblewski and Joseph Myers against Jeffrey Gossett as a result of a rear-end collision on October 26, 2000. Plaintiffs' complaint was filed March 26, 2001. Defendant's answer, denying the existence of a collision, negligence on the part of the defendant, or injury to either plaintiff, was filed April 5, 2001. After discovery depositions of the parties, defendant's admission of liability was filed June 12, 2001. Medical records and bills pertaining to both plaintiffs were provided to the defense June 1, 2001, and thereafter, plaintiffs voluntarily provided to the defense authorizations for medical records. Plaintiffs' first and second requests for the admission of facts pertaining to medical services and bills were filed August 29, 2001.

Each plaintiff's request for the admission of facts had attached the medical providers' bills involved, and with the exception of differences in the date, amount, and identity of the service provider, each paragraph of the requests for the admission of facts was in the following form:

"a. That the attached bill dated October 26, 2000, in the amount of $501, from Marshall Browning Hospital, 900 North Washington, DuQuoin, Illinois, represents charges for services which were

reasonable and necessary treatment for conditions occurring as a result of the occurrence which is the subject of the instant suit.

b. That the charges on the attached bill dated October 26, 2000, in the amount of $501, from Marshall Browning Hospital, are fair and reasonable charges for the services performed."

Each subparagraph (a) and (b) of defendant's responses uniformly stated as follows:

"This defendant can neither admit or [*sic*] deny Request for Admission of Fact \*\*\* in that it requires him to give a medical opinion which he is not qualified to do. Defendant has insufficient knowledge to admit or deny."

Defendant verified his responses to each of plaintiffs' requests for the admission of facts as "true and correct to the best of his knowledge and belief."

Plaintiffs' motion to compel was filed November 21, 2001. A listing of the medical records, reports, statements, and receipts provided to the defense up to the date of the hearing was attached as an exhibit to plaintiffs' motion to compel.

On May 31, 2002, the trial court heard arguments on the motion to compel. On June 13, it entered its order, with findings pursuant to Supreme Court Rule 308, denying plaintiffs' motion to compel. We granted plaintiffs' application for leave to appeal on July 25, 2002.

## Question 1

Question 1 addresses whether a Rule 216 request to admit can be used to establish the causal connection between a defendant's conduct and a plaintiff's injuries, the necessity and reasonableness of the medical services received by that plaintiff, and the reasonableness of the cost of the medical services received by that plaintiff.

■ The Illinois Supreme Court's decision in *P.R.S. International, Inc. v. Shred Pax Corp.*, 184 Ill. 2d 224, 703 N.E.2d 71 (1998), holds the key. According to the holding in *P.R.S. International, Inc.*, a party's failure to respond to a request for admissions may be deemed an admission if the request relates to " 'disputed ultimate facts' " or " 'any contested facts needed to establish one's case or defense.' " *P.R.S. International, Inc.*, 184 Ill. 2d at 233, 703 N.E.2d at 75, quoting *P.R.S. International, Inc. v. Shred Pax Corp.*, 292 Ill. App. 3d 956, 963, 686 N.E.2d 1214, 1219 (1997). The court explained the language of Rule 216 allowing requests for the admission " 'of the truth of any specified relevant fact.' " (Emphasis omitted.) *P.R.S. International, Inc.*, 184 Ill. 2d at 236, 703 N.E.2d at 77, quoting 134 Ill. 2d R. 216(a). The court then stated: "[W]hether a fact is an 'ultimate' fact is irrelevant for purposes of this rule. The key question is whether a requested admission deals with a question of *fact*. Accordingly, requests

for legal conclusions are improper; however, requests for admissions of factual questions which might give rise to legal conclusions are not improper." (Emphasis in original.) *P.R.S. International, Inc.*, 184 Ill. 2d at 236, 703 N.E.2d at 77. A defendant's conduct as the cause of the occurrence, the necessity and reasonableness of the medical services a plaintiff received to treat his or her injuries, and the reasonable cost of the medical services received are all facts that are proper subjects for a Rule 216 request to admit. See *Hubeny v. Chairse*, 305 Ill. App. 3d 1038, 1043-45, 713 N.E.2d 222, 225-26 (1999).

### Questions 2 and 3

The remaining two questions deal with whether a party is required to avail himself of the knowledge of his attorneys or agents before admitting, denying, or making a claim of insufficient knowledge to admit or deny a request to admit.

Supreme Court Rule 216 states in relevant part:

"(a) Request for Admission of Fact. A party may serve on any other party a written request for the admission by the latter of the truth of any specified relevant fact set forth in the request.
\*\*\*

(c) Admission in the Absence of Denial. Each of the matters of fact and the genuineness of each document of which admission is requested is admitted unless, within 28 days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part. If written objections to a part of the request are made, the remainder of the request shall be answered within the period designated in the request. A denial shall fairly meet the substance of the requested admission. If *good faith* requires that a party deny only a part, or requires qualification, of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder. Any objection to a request or to an answer shall be heard by the court upon prompt notice and motion of the party making the request." (Emphasis added.) 134 Ill. 2d Rs. 216(a), (c).

In interpreting a supreme court rule, we are to apply the same principles of construction that apply to a statute. *In re Estate of Rennick*, 181 Ill. 2d 395, 404-05, 692 N.E.2d 1150, 1155 (1998). As the Illinois Supreme Court has stated:

"Our goal is to ascertain and give effect to the intention of the

drafters of the rule. [Citation.] The most reliable indicator of intent is the language used, which should be given its plain and ordinary meaning. [Citation.] Where the language is clear and unambiguous, we must apply the language used without further aids of construction. [Citation.]" *In re Estate of Rennick*, 181 Ill. 2d at 404-05, 692 N.E.2d at 1155.

■ The purpose of a request to admit is not to discover facts but, rather, to establish some of the material facts in a case without the necessity of formal proof at trial. *P.R.S. International, Inc.*, 184 Ill. 2d at 237, 703 N.E.2d at 77. The proper use of requests to admit results in a substantial savings of time and expense, both for the parties and the court. *Branch Banking & Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 657 (E.D.N.C. 1988).

In deciding a party's duty under Rule 216, we are guided by how Supreme Court Rule 213 (166 Ill. 2d R. 213) ("Written Interrogatories to Parties") has been construed. Rule 213 has been interpreted "to require a party to answer fully and in good faith to the extent of his actual knowledge and the information available to him or to his attorney." *Singer v. Treat*, 145 Ill. App. 3d 585, 592, 495 N.E.2d 1264, 1268 (1986), citing *Brandon v. DeBusk*, 85 Ill. App. 3d 645, 647, 407 N.E.2d 193, 195 (1980). Comparably, Rule 36 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 36(a)) ("Request for Admission") explicitly requires as follows: "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny."

■ To ensure that the laudable purpose of Rule 216 is accomplished, a party has a good-faith obligation to make a reasonable effort to secure answers to requests to admit from persons and documents within the responding party's reasonable control. In this case that would include the defendant's attorney and insurance company investigators or representatives. We believe that this finding reflects the long-accepted practice of trial attorneys in the courts of Illinois.

On remand, the trial court shall allow the defendant an additional 28 days to amend his answers to plaintiffs' requests to admit if, after considering this opinion, defendant believes that he is required to modify his previous answers. ·

This cause is remanded with directions for further proceedings consistent with this opinion.

*Certified questions answered; cause remanded with directions.*

CHAPMAN and KUEHN, JJ., concur.