NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 28, 2020[*]
Decided January 30, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILLANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-3438

| | |
|---|---|
| DIANE PARKER, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 CV 3207 |
| FOUR SEASONS HOTELS, LTD., *Defendants-Appellees*. | Manish S. Shah, *Judge*. |

**O R D E R**

This is a successive appeal. Diane Parker was staying at the Four Seasons Hotel when a sliding glass door in her hotel room shattered and injured her. Four Seasons admitted to negligence, and the case proceeded to trial. (Judge Harry Leinenweber originally presided over the case, but it was transferred to Judge Manish Shah before trial.) Judge Shah declined to present to the jury a question of punitive damages, and

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the jury returned a verdict in favor of Parker and awarded her $20,000 in compensatory damages. Parker appealed, and "we conclude[d] that Parker ha[d] the right to present her punitive damages claim to the jury. We therefore remand[ed] the case for further proceedings on the question of punitive damages." *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 816 (7th Cir. 2017). On remand, the jury awarded no punitive damages. Parker again appeals, and we affirm the district court's judgment.

Parker argues that, in the first appeal, we vacated the compensatory damages judgment and allowed the district court to decide whether to permit a new jury verdict on compensatory damages. She is mistaken, as we expressly limited the remand to "the question of punitive damages" only. *Parker*, 845 F.3d at 816. Under the mandate rule, the district court had to adhere to our command. *Carmody v. Bd. of Trs. of Univ. of Ill.*, 893 F.3d 397, 407 (7th Cir. 2018). Thus the district court did not have the discretion to obtain a new jury verdict on compensatory damages.

Parker next contends that on remand, Judge Shah erred in deeming inadmissible an email by a third-party contractor that referenced similar incidents of glass doors breaking at the hotel. She contends that Judge Leinenweber had ruled that the email was admissible, and that this court upheld that ruling on appeal, so Judge Shah erred by rejecting those conclusions.

Parker's argument is off the mark. We ruled only that Four Seasons had "waived" for appeal purposes Judge Leinenweber's ruling that the email fell within the residual exception to the rule against hearsay. *See* FED. R. EVID. 807; *Parker,* 845 F.3d at 810 n.2. But district judges always retain discretion to revisit their interlocutory rulings. *See* FED. R. CIV. P. 54(b); *Galvan v. Norberg,* 678 F.3d 581, 587 (7th Cir. 2012). Judge Shah properly noted that the email was hearsay—an out of court statement offered to prove the matter asserted. *See* FED. R. EVID. 801(c). And he reasonably revisited Judge Leinenweber's ruling because the contractor was going to—and did— testify at the trial. The in-court presence of the witness allowed Parker to question him and solicit the matters asserted in the email. *See Burton v. Kohn Law Firm, S.C.*, 934 F.3d 572, 583–84 (7th Cir. 2009). Judge Shah therefore did not abuse his discretion by excluding the email.

Next, Parker similarly contends that Judge Shah abused his discretion in deeming inadmissible other evidence of similar accidents that occurred *after* she was injured. She believes that such evidence displays Four Seasons's reckless disregard of guest safety. But in Illinois, evidence of similar, post-accident occurrences is generally

admissible only to establish the dangerousness of a product. *See Bass v. Cincinnati, Inc.*, 536 N.E.2d 831, 833 (Ill. App. Ct. 1989). Moreover, "evidence of similar post-accident occurrences or injuries involving the same or substantially similar products may not be used to show that [the defendant] acted in conscious disregard of the safety of others, and cannot support a claim for punitive damages." *Id.* at 835. Because Parker sought to admit the post-occurrence evidence only to bolster her claim for punitive damages, Judge Shah reasonably excluded it as irrelevant to that claim.

In her next argument, Parker maintains that Judge Shah erred by excluding evidence of Four Seasons's subsequent remedial measures to fix the faulty sliding glass doors. But evidence of remedial measures is inadmissible to prove culpable conduct. *See* FED. R. EVID. 407; *Abernathy v. E. Ill. R.R.*, 940 F.3d 982, 993 (7th Cir. 2019). Parker replies that Judge Shah should have allowed the evidence to prove Four Seasons's control over the renovations. But Four Seasons did not deny that it had control over their premises. Thus, Judge Shah properly excluded evidence of Four Seasons's remedial measures.

Finally, Parker argues that Judge Shah unreasonably excluded evidence that Four Seasons (allegedly) violated three laws or regulations: the Illinois Safety Glazing Materials Act, 430 ILCS 60/3, which requires tempered glass to be labeled; a federal regulation controlling the testing of safety glazing material, 16 C.F.R. § 1201.4; and the Chicago Municipal Code, § 13-12-050, which penalizes unpermitted construction and renovations. But Judge Shah did not abuse his discretion when excluding this evidence. Even if this evidence suggests that Four Seasons violated these provisions—which we do not confirm—Judge Shah reasonably concluded that introducing such evidence would needlessly confuse the issues for the jury. *See* FED. R. EVID. 403; *see also United States v. Bonin*, 932 F.3d 523, 543 (7th Cir. 2019). The question on remand—punitive damages—required the jury to decide whether Four Seasons displayed a "wanton disregard" of Parker's safety. *Bass*, 536 N.E.2d at 835. It was thus permissible for Judge Shah to rule that any evidence that Four Seasons *may have* violated labeling and permitting requirements would not help the jury decide whether Four Seasons consciously ignored safety requirements.

We have considered Parker's remaining arguments, and none has merit.

AFFIRMED